HARTFORD ACCIDENT & INDEMNITY INSURANCE COMPANY v. W. M. CHOATE.

No. 6438. Decided January 8, 1936.
(89 S. W., 2d Series, 205.)

*Eckford & McMahon,* of Dallas, for plaintiffs in error.

It was not error for the trial court to sustain plaintiff in error's plea to the jurisdiction of the court because the Industrial Accident Board did not render any award concerning any claim for compensation, other than for the specific injury of the loss of the left eye, and that after claimant had appealed to the district court he, for the first time, asserted his claim for additional injuries in and about the throat. Lumberman's Reciprocal Ass'n. v. Wilmoth, 12 S. W. (2d) 972; American Emp. Ins. Co. v. Scott, 33 S. W. (2d) 845; Maryland Casualty Co. v. Lafield, 29 S. W. (2d) 444.

*Grisham Bros.,* of Eastland, for defendant in error.

The notice given to the Industrial Accident Board was sufficiently comprehensive to give to the board, and thereafter the proper court, jurisdiction to hear and determine the claim of the injured party and to award compensation for all injuries growing out of the accident. Texas Indeminity Ins. Co. v. Bridges, 52 S. W. (2d) 1075; Aetna Life Ins. Co. v. Bulgier,

19 S. W. (2d) 821; Maryland Casualty Co. v. Haley, 29 S. W. (2d) 458.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

This is a case under the Workmen's Compensation Act, W. M. Choate having filed his petition in the District Court of Stephens County, on February 9, 1931, for the purpose of setting aside an award of the Industrial Accident Board theretofore rendered.

In his original petition, Choate alleged that on August 31, 1930, he was employed as a common laborer by the Lone Star Gas Company at a wage of $4.00 per day; that he was working in a pit and one of the employees struck a pipe line with a pick while said pipe line was emitting gas and caused a spark, which resulted in a fire in which he sustained severe burns, among others, those resulting in the loss of his left eye. He alleged that the Hartford Accident & Indemnity Company carried a policy of Workmen's Compensation Insurance on his employer and sued it for compensation for 100 weeks at the rate of $13.85 per week, being the number of weeks to which he was entitled for the specific loss of one eye.

The usual allegations as to notice and the filing of his claim with the Industrial Accident Board appeared in the petition.

On September 30, 1931, the day the case went to trial, Choate filed his first amended original petition, wherein, for the first time, he alleged injury in and about his throat, by reason of which he claimed to have sustained, in addition to the loss of his left eye, fifty per cent permanent incapacity, to his further damage in the sum of $3,000.00; he also sought compensation in a lump sum, the recovery prayed for amounting to $4,285.00.

The company, immediately, in answer to said amended petition, filed a plea to the jurisdiction of the court as to those matters set forth other than the specific loss of the left eye, because that was the only injury for which compensation was sought in the claim filed with and acted on by the Industrial Accident Board, and that was the order complained of and sought to be set aside in his original petition in the district court; that no claim was ever filed with or acted on by said Board as to said other and additional injuries to the throat, face, neck and ears, and therefore the court did not have power or jurisdiction to determine any claim for injuries not theretofore made before the Industrial Accident Board. The company's

answer also contained general and special exceptions, general denial and it was specially plead that the blindness of the left eye was not the result of the accident described by the plaintiff, Choate, but was due to its diseased condition, and the gas burns described by him, did not in any wise contribute to such blindness.

It was further averred in said amended answer, that from and after August 31, 1930, plaintiff was incapacitated for four weeks and four days, after which he fully recovered; that plaintiff accepted compensation for four weeks and declined to accept compensation for the four days, which the company tendered and offered to pay.

The trial court overruled the general and all special exceptions and temporarily overruled the plea to the jurisdiction.

The case was then tried before a jury who in answer to special issues submitted, found that the plaintiff sustained an injury while in the course of his employment, on August 31, 1930, but that such injury did not result in the loss of sight of his left eye; that he sustained an injury in and about his throat at said time resulting in a permanent partial incapacity of 35 per cent; that his average weekly wage was $25.00 and manifest hardship would result to the plaintiff if the company was not required to pay his compensation in a lump sum.

Both parties filed motion for judgment—that of the plaintiff was overruled and that of the company was sustained, the basis for the judgment as shown from its recitations, being as follows:

"Upon a reconsideration of the plea to the jurisdiction filed by defendant herein, the Court is of the opinion and so finds that plaintiff W. M. Choate, filed his claim with the Industrial Accident Board of the State of Texas on the 17th day of October, 1930, and that in said claim he sought compensation only for the specific injury of the loss of his left eye; that on February 9, 1931, plaintiff filed in this Court this suit to set aside the ward of the Industrial Accident Board, made and entered on the 30th day of January, 1931, after having given notice to said Board that he would within 20 days from the date of said notice file suit in a court of competent jurisdiction to set aside said award; that in his original petition plaintiff sued and sought compensation only for the loss of his left eye; that thereafter on the 30th day of September, A. D. 1931, plaintiff filed in this Court his first amended original petition, wherein in addition to his claim for the loss of his left eye, this plaintiff claims for the first time, compensation for other and additional injuries,

to-wit, 50% total permanent disability by reason of injuries to his throat, face, neck and ears; that plaintiff has never filed with the Industrial Accident Board any claim or claims for said other alleged injuries, nor has said Industrial Accident Board ever passed on any claim or claims for said other alleged injuries; and that this Court does not have power or jurisdiction to hear or determine any claim or claims for injuries asserted by plaintiff not heretofore made by him before the Industrial Accident Board of the State of Texas, and that this plea to the jurisdiction filed herein in due order, ought to be and the same is hereby sustained; to which action of the Court plaintiff then and there in open Court excepted."

The Court of Civil Appeals reversed the trial court's judgment and rendered judgment for Choate, awarding him $5.25 per week for 300 weeks from and after September 7, 1930, but denied the allowance of a lump sum because the provisions therefor are not applicable in a claim for permanent partial incapacity. 54 S. W. (2d) 901.

## OPINION.

■ The legal effect of a suit to set aside an award of the Industrial Accident Board is to invoke the judgment of the court on the issue of the liability of the insurer, under the provisions of the Act, *upon the facts alleged in the claim presented to said board,* and to substitute the judgment of such court, when rendered, for the prior award of the board. Texas Emp. Ins. Assn. v. Nunamaker, 267 S. W., 749 (w. e. ref.); Tex. Emp. Ins. Assn. v. Newton, Com. App., 25 S. W. (2d) 608.

■ The district court has no jurisdiction to determine a claim for compensation arising under the Workmen's Compensation Act until and unless the Industrial Accident Board has first passed upon such claim. The claim here as presented to the Industrial Accident Board was only for the specific injury of the loss of the sight of his left eye, and negatived any claim for other injuries in these words: *"Claimant also sustained other painful burns and permanent scars; however he only places claim for the specific injury of the loss of the left eye."* The Industrial Accident Board was therefore confined to consideration of that specific injury and could not consider any other or general injury because any claim therefor was expressly negatived by the claimant himself, and therefore the court was without jurisdiction to consider such other claim. Texas Emp. Assn.

v. Hoehn, 20 S. W. (2d) 263; Jones v. Texas Ind. Co., 15 S. W. (2d) 1077.

The other injuries to other parts of his body did not flow or result from the specific injury to the eye, nor is it so contended.

The filing of a claim with the Industrial Accident Board must be alleged and proved or else the court does not have jurisdiction to hear the case. Mingus v. Wadley, 115 Texas 551, 285 S. W., 1084; Federal Surety Co. v. Jetton, 44 S. W. (2d) 923.

■ After one claim is filed with and acted upon by the Industrial Accident Board, another and different claim can not be asserted in the district court. Commercial Standard Ins. Co. v. Lowrie, 49 S. W. (2d) 933. As said in Stratton v. Gulf Casualty Co., 53 S. W. (2d) 518, "one claim may not be made to the Accident Board and another and different claim presented in the court on appeal from the board's action. Texas Emp. Ass'n. v. Jimenez, 267 S. W., 752, 755."

The claim as presented to the Accident Board is for the total and permanent loss of the sight of one eye—a specific injury—Art. 8306, Sec. 12, Rev. Stat., 1925; the claim as presented by amended petition, to the district court, includes also general incapacity not resulting from the loss of the eye.

■ We recognize the rule that for the class of injuries of the latter class a general description in the claim made before the Accident Board is sufficient, and upon appeal to the courts may be enlarged to include all injuries proximately resulting from the accident complained of (Ind. Ins. Co. v. Harris, 53 S. W. (2d) 631), but such rule is not applicable where the claimant expressly excludes such injuries from his claim as filed with the Accident Board and in effect forbids the board from consideration thereof.

No general claim was ever submitted to the Accident Board; it is a specific claim, and therefore no recovery can be had as of a general claim. The Court of Civil Appeals recognizes this distinction when it said: "If the injury, which plaintiff claimed had resulted in the loss of his left eye, was a separate and distinct injury from the burns in and about his throat which resulted in the partial permanent incapacity, as found by the jury, then the court, by such action, did not err, since unquestionably the jurisdiction of the court to award compensation for an injury was confined to the same injury passed upon by the Industrial Accident Board," but places its holding, as

we understand it, upon the proposition that a general injury may include a specific injury, "which is but another way of saying that, if the total effect of an accident be not confined to the damage or harm to the physical structure of a particular member of the body for which the law authorizes a particular definite compensation in lieu of all other compensation, then the entire effect is the injury to be compensated," and overlooks the fact that the claim as presented was only for the specific injury and "only places claim for the specific injury of the loss of the left eye."

The jury having found in answer to special issues that the injury did not result in the loss of the left eye, it necessarily follows that the trial court correctly entered judgment for the defendant below, which is here affirmed and that of the Court of Civil Appeals is reversed.

Opinion adopted by the Supreme Court January 8, 1936.