## FEDERAL UNDERWRITERS EXCHANGE v. COST.

### No. 3254.

Court of Civil Appeals of Texas. Beaumont.

March 23, 1938.

Rehearing Denied April 6, 1938.

Lightfoot, Robertson & Gano, of Fort Worth, and Saunders & Williams, of Dallas, for appellant.

H. B. Houston, of Dallas, for appellee.

O'QUINN, Justice.

This suit arose under the Workmen's Compensation Law, Rev.St.1925, art. 8306 et seq., as amended, Vernon's Ann.Civ.St. art. 8306 et seq. J. S. Moore & Sons was the employer, R. E. Cost the employee, and Federal Underwriters Exchange the compensation insurance carrier. On February 25, 1936, while engaged in the course of his employment as an employee of J. S. Moore & Sons, contractors, in building a public highway in Rusk county, Tex., appellee received an injury for which he claimed compensation. He duly filed his claim before the Industrial Accident Board. On April 30, 1936, the board made its final ruling and award, and appellee duly gave notice that he would not abide said award, and duly filed this suit in the district court of Rusk county, Tex., to set aside said award and to recover compensation as for total and permanent disability.

Appellant Federal Underwriters Exchange filed its plea to the jurisdiction of the court alleging that the court did not have jurisdiction to hear and determine the cause because the jurisdiction of the court was dependent upon the amount of compensation claimed by appellee before the Industrial Accident Board, and that the claim filed by appellee before the board

did not show upon its. face that appellee was claiming an amount in excess of $500.

Appellant then filed its answer consisting of a general demurrer, several special exceptions, and a general denial.

After both parties had announced ready for trial, appellee with permission of the court, and over the objections of the appellant, amended his original petition by interlining therein the following alleging: "That said injuries have caused him to have a tumor in the lower intestines or rectum and his whole nervous system has been impaired and his heart seriously affected and that said injuries have caused him to develop arthritis in the lumbar region."

Thereupon, appellant filed its motion for a continuance on the ground that the trial amendment set up three separate and distinct injuries and physical disabilities not alleged originally which would have to be investigated by appellant, and would call for examination of appellee by specialists in heart and nervous disorders; that by reason of the lateness of the filing of the amendment appellant was not prepared to defend against the allegations of injury set out in the new pleading. The motion to continue was overruled. The case was then tried to a jury upon special issues upon the answers to which judgment was rendered for appellee in the sum of $2,-385.68 to be paid in a lump sum. Motion for a new trial was overruled, and we have the case on appeal.

■ Appellant's first and second assignments of error urge that the court erred in overruling its plea to the jurisdiction of the court. These assignments are overruled. It is contended that the jurisdiction of the court was dependent upon the amount of compensation claimed by appellee in his claim before the Industrial Accident Board, and that the claim filed by appellee before the board did not on its face show that appellee was claiming an amount in excess of $500. The claim before the board was not introduced in evidence, but it is believed that appellant relieved appellee of this burden by the matters plead by it in its plea to the jurisdiction. It plead:

"The defendant alleges that on or about the 13th day of March, A. D. 1936, the plaintiff, R. E. Cost, filed with the Industrial Accident Board of the State of Texas, a notice of injury and claim for compensation, alleging that on or about the 25th day of February, 1936, the plaintiff, R. E. Cost while in the scope and course of his employment with J. S. Moore & Sons, in Rusk County, Texas, sustained accidental injuries, as follows:

"State part of body injured:—Lower Lumbar region, entire back, and other injuries that later developments may show.

"The plaintiff's claim for compensation further alleged that the plaintiff was earning at the time of his alleged injury $6.00 per day, and that the injury was received by his having fallen with a heavy piece of timber, and was thereby thrown against a hard surface, thus causing the alleged injuries."

■ This description of appellee's claim and appellant's admission that such claim was filed with and heard by the board was just as effective as any proof of the claim that appellee could have otherwise made. The injury described in the claim was a general injury as distinguished from a specific injury, for which a number of compensation installments might have been allowed by law. There was no limitation in the claim confining consideration to any allowable · compensation amounting to less than $500. On the contrary, the language of the claim expressly predicates subsequent enlargement. The claim as described in appellant's plea to the jurisdiction, we think, was sufficient to identify the injury and to show that appellee was claiming all that the law would allow him in the way of compensation for disability from such injury. It was a claim for which the board had authority to allow compensation for not to exceed 401 weeks at the rate that appellee's average weekly wage would sustain. As stated by the Supreme Court in Beal v. Texas Indemnity Ins. Co., 55 S.W.2d 801, 802: "It is not absolutely essential, in order to show jurisdiction, that the amount of the claim before the board be alleged in actual dollars and cents. It is sufficient if it be shown that the claim for compensation before the board was for an injury for which the Compensation Law fixes a period of compensation which, when multiplied by the average weekly wage of the claimant, would result in a sum within the jurisdiction of the court in which the suit is brought."

His earnings were stated to be $6 per day. From the injuries stated in the claim before the. board, it might be rea-

sonably inferred that total and permanent disability would result. Certainly, evidence supporting this claim would be admissible. Indemnity Ins. Co. of North America v. Harris, Tex.Civ.App., 53 S. W.2d 631, writ refused; Hartford Accident & Indemnity Co. v. Choate, 126 Tex. 368, 89 S.W.2d 205.

The third and fourth assignments complain that the court erred in permitting Dr. George E. Hurt to testify that in his opinion appellee, as a result of his injuries, was not able to secure and retain employment—that appellee was not, because of his injuries, able to perform the usual tasks of a workman. The insistence is that the question of the result of appellee's injuries as to whether he was then able physically to secure employment, retain same, and perform the usual tasks of a workman, was the ultimate and controlling question, and so must be passed upon by the jury, and that it was not such question as the witness could give his opinion on. The doctor, whose qualifications are not questioned, after careful and repeated physical examinations of appellee and after carefully X-raying him, testified that in his opinion appellee, as a result of the injuries he had received, was disabled from securing and retaining employment—was not able to perform the usual tasks of a workman, and that, in his opinion, that condition was permanent. The assignments are leveled against this testimony. That this testimony was admissible is too well settled for further argument. Zurich General Accident & Liability Ins. Co. v. Kerr, Tex. Civ.App., 54 S.W.2d 349, writ refused; Texas Employers' Ins. Ass'n v. Shilling, Tex.Civ.App., 259 S.W. 236; Southern Underwriters v. Knight, Tex.Civ.App., 107 S.W.2d 1097, writ dismissed; Bankers Lloyds v. Montgomery, Tex.Civ.App., 42 S.W.2d 285, this case was reversed on a question of agency—holding on the admissibility of expert testimony was not disturbed. Tex.Com.App., 60 S.W.2d 201.

What we have said disposes of appellant's fifth assignment.

The sixth, seventh, eighth, and ninth assignments challenge the sufficiency of the evidence to show that appellant was the compensation insurance carrier covering the employees of J. S. Moore & Sons. The insurance policy was not in the possession of appellee, and evidence was offered to show why it or a copy could not be introduced by him. This would not preclude any admissions by appellant or its authorized agent that it carried the insurance. The firm of Houston & Johnson, Dallas, Tex., represented appellee in handling his claim for compensation. A letter written on the stationery under the letterhead of appellant, addressed to Houston & Johnson, relative to the claim, was introduced by appellee. It reads:

"Workmen's Compensation Automobile and General Casualty Ins.

"Federal Underwriters
"Attorney
"Federal Underwriters Exchange
"Medical Arts Building
"Galveston, Texas.
"204 Peoples Bank Bldg.
"Tyler, Texas.
"April 8, 1936.

"Messrs. Houston & Johnson,
"Attorneys at law
"1014 Fidelity Building
"Dallas, Texas.
"Re: R. E. Cost vs. J. S. Moore & Sons.
"Gentlemen:

"I am informed that you have been retained by Mr. Cost to represent him in his claim for compensation for injuries alleged to have been sustained by him on or about February 25th, 1936, while in the employ of J. S. Moore & Sons on Highway #26 road construction job at Kilgore, Texas.

"Our Kilgore, physician, Dr. Seth R. Downs, advises that he rendered treatment to Mr. Cost from February 27, 1936 to March 3, 1936, but that since the latter date Mr. Cost has refused treatment from him. I am therefore requesting, in behalf of my company, that you kindly submit your client, Mr. Cost, to us for a full and complete examination by some physician of our selection. After we shall have had the opportunity· of making a full and complete examination of Mr. Cost, we will be glad to discuss with you the matter of settling this claim.

"I will greatly appreciate an early reply from you with regard to this matter.
"Yours very truly,
"Federal Underwriters Exchange.
"By: W. S. Miller, Tyler, Texas.
"cc. Industrial Accident Board
"Austin, Texas.
"cc. Mr. R. E. Cost
"Route #2
"Kilgore, Texas."

Appellant objected to the introduction of this letter on the grounds that its contents were hearsay; that no authority was shown in Miller, the writer of the letter, to bind appellant by any statement he might make to counsel for appellee relative to its being the insurance carrier. The objection was further made that the letter was not the best evidence, and the original policy of insurance having been delivered to the assured, J. S. Moore & Sons, notice to appellant, if such had been given, would not avail, because the policy not being in its possession it could not be produced by it; that other legal ways of showing the existence of the insurance could have been exercised by appellee, and secondary evidence could not be resorted to. In connection with the letter, Mr. Johnson, one of the attorneys for appellee, testified that after the receipt of the letter he met W. S. Miller and had a conversation with him relative to the claim of his client, and that Miller admitted that Federal Underwriters Exchange carried compensation insurance covering the employees of J. S. Moore & Sons, and requested that they, the attorneys for Cost, submit Cost to their (appellant's) doctor for an examination for the purpose of determining the extent, if any, of his injuries to which request counsel for appellee consented.

J. B. Mosely, witness for appellee, testified that he was then and since October 15, 1936, had been employed by Federal Underwriters Exchange, appellant; and that he succeeded Miller with appellant, and was assisting appellant in the trial of the case by "lining up witnesses"; that he (Mosely) had the correspondence relative to the claim in his private files; that Miller's name was signed to several of them. (On objection these were not admitted.)

Dr. Seth Downs, witness for appellant, testified that appellant, Federal Underwriters Exchange, sent Cost, claimant, to him for treatment, and that it paid him for same. That he performed medical work for appellant, and that it referred to him as its physician. That he knew W. S. Miller (whose name was signed to the letter above), and that Miller was an adjuster for appellant. That he examined Cost at the request of appellant—at Miller's request—that Miller wanted an X-ray picture of Cost and that he made the X-rays. That appellant paid him for his services.

We think that the testimony of Mosely and Downs removed whatever objections there could have been to the admissibility of the letter of Miller in evidence, and the statements of Miller to counsel for appellee. The evidence sufficiently showed that appellant was the insurance carrier. Independence Indemnity Co. v. Polk, Tex.Civ.App., 14 S.W.2d 330; Barron v. Texas Employers' Ins. Ass'n., Tex.Com.App., 36 S.W.2d 464; Traders & General Insurance Co. v. Lincecum, Tex. Civ.App., 81 S.W.2d 549, reversed for misconduct of jury, Tex.Com.App., 107 S.W. 2d 585—holding on question discussed not disturbed. Safety Casualty Co. v. Staggs, Tex.Civ.App., 99 S.W.2d 682.

What we have said disposes of appellant's tenth and eleventh assignments.

The twelfth and thirteenth assignments complain that there was no basis for the judgment in the verdict of the jury, no issue of what was the average weekly wages of appellee having been submitted to the jury for its finding, the court was without authority to make such finding. Appellee properly plead his average weekly wage, and in the judgment of the court, on the evidence found that his average weekly wages, as shown by the evidence, were such as to entitle him to compensation at the minimum rate of $7 per week. Appellee testified that he had been working only five days when he received his injury, and that he had not worked in that employment for as many as 300 days during the year preceding his injury; that he did not know of any other employee who had worked that length of time in that kind of work, or similar work in the neighborhood in which he worked; that he was paid 30 cents per hour and worked 40 hours per week. He testified that he was working on a WPA project, and that no employee was permitted to work more than 40 hours per week, and that he received $12 per week. Two other employees testified corroborating appellee, and that they did not know of any other employee who had worked at the same or similar work in that vicinity for as many as 300 days in the year preceding appellee's injury. There was no evidence to the contrary.

We think that this evidence, as a matter of law, established that appellee's weekly wages could not be found under either first subdivisions 1 or 2 of section 1 of article 8309, R.S.1925, and so must

have been ascertained under first subdivision 3 of same. This, as stated, the court did, and fixed same at $7 per week. But appellant insists that the question was for the jury, and that appellee should have requested the court to submit such issue, and, not having done so, the issue was waived and the court was without authority to make such finding. We think the contention without merit. Neither party requested the submission of such issue, and no objections to the court's charge was made by reason of the omission to submit such issue. Barron v. Texas Employers' Ins. Ass'n, Tex.Com. App., 36 S.W.2d 464, 465; Texas Indemnity Ins. Co. v. Wingo, Tex.Civ.App., 47 S.W.2d 397; Traders & General Ins. Co. v. Wimberly, Tex.Civ.App., 85 S.W.2d 343.

In the Barron Case above cited, it is said (quoting from Par. 11 of syllabi)·: "In compensation suit, no request being made for submission to jury of issue of average weekly wages, it will be presumed court found average weekly wages in such manner as to support judgment."

██ Appellant's fourteenth and fifteenth assignments, in substance, complain that the court erred in failing to submit to the jury special issues Nos. 1 and 2, requested by it as to whether a surgical operation and proper medical treatment would have restored appellee's physical ability to work and enable him to perform manual labor. A sufficient answer to these assignments is that they were not raised either by the pleadings or evidence. Appellant's answer, other than certain exceptions, consisted of a general denial.· There was no pleading by appellant that the condition of appellee could be benefited by an operation, or by medical treatment, nor on the trial, or at any time, did appellant tender appellee an operation. Its pleaded defense was simply a general denial of liability.· The court did not err in refusing the requested issues. Texas Employers' Ins. Ass'n, v. Phelan, Tex.Civ. App., 103 S.W.2d 863.

██ We overrule appellant's sixteenth assignment urging error in the admission, over its objection, of the X-ray pictures taken by Dr. Geo. E. Hurt of appellee relative to his injury; the assignment asserting that no proof was offered showing that such X-ray photographs correctly portrayed the portions of appellee's body affected. The record reflects that Dr. Hurt took the pictures himself, using his own machine, it being of the latest standard type; that he had had eleven years' experience in work of this character, and that the pictures were taken in accordance with the recognized standards for such work; and that they had continuously been in his possession since they were taken. It also appears that the X-rays were taken at the same time Dr. Hurt was making a physical examination of appellee to determine the nature and extent of his injuries. And, too, appellant, in its cross-examination of the witness, used the pictures and fully questioned the doctor relative to same and what appeared therefrom.

The seventeenth and eighteenth assignments complain that the court erred in overruling its motion for a continuance.· After both parties had announced ready for trial, and after original pleadings had been read to the jury, the court permitted appellee to amend his original petition by interlining in same the allegation "That said injuries have caused him to have a tumor in the lower intestines or rectum and his whole nervous system has been impaired and his heart seriously affected and that said injuries have caused him to develop arthritis in the lumbar region." Thereupon, appellant filed its motion for a continuance on the ground that said amendment set up three separate and distinct physical disabilities growing out of the injury originally alleged which it was not called upon to defend against when it announced ready for trial; that it was not prepared to meet same, for in that it had not had notice of any such injuries and had not made such investigation relative to same as was necessary to defend against them, but would have to have time to secure specialists in heart and nervous affectations to examine appellee, and that no such specialist resided in or near the county in which the trial was pending, but that recourse would have to be had to distant cities such as Houston, Texas, or Shreveport, La., to secure such specialist, which would greatly delay the trial, for all of which reasons the cause should be continued. This motion was overruled.

██ We have made careful examination of the record (Tr.) and fail to find where any objection was interposed to the interlineation in the original petition, or any action of the court relative to

712

the motion for a continuance. There is no order in the record overruling the motion. All we find is in the motion for a new trial. It was there made one of the grounds complained of. But, as stated, there is nothing in the record showing that the court acted on the motion. For same to be available as a ground of error, it must appear in the record that the court considered and overruled the motion. This must be by proper bill of exception. 3 Tex.Jur. § 352, p. 503.

No error appearing, the judgment should be affirmed, and it is so ordered.

Affirmed.