### TRAVELERS INS. CO. v. MOTE.

#### No. 4876.

Court of Civil Appeals of Texas. Amarillo.

March 28, 1938.

Rehearing Denied April 25, 1938.

Cantey, Hanger & McMahon and F. T. Denny, all of Fort Worth, for appellant.

Donald & Donald, of Bowie, for appellee.

STOKES, Justice.

This suit was filed by appellee, C. H. Mote, to set aside an award of the Industrial Accident Board in which he was awarded compensation for twenty-six weeks for a hernia which resulted from an injury received on the 19th of May, 1936, while engaged in the course of his employment by Standard Paving Company. The compensation insurance was carried by appellant, and the work in which appellee was engaged consisted of shoveling dirt and other substances from one place to another in the construction of a highway in Wise county. He alleged that as a result of the heavy work in which he was engaged a hernia appeared suddenly, and that it was immediately followed by intense pain. He alleged he was forty-one years of age and in sound physical condition and good health at the time, but since the injury he has experienced great pain and suffering and that the injury has rendered him incapable of doing or performing any kind or class of labor. The allegations are sufficient to allege total permanent incapacity. It is shown that shortly after the injury appellee, of his own accord, submitted to an operation for the hernia, which was performed by Dr. Q. B. Lee of the Wichita Falls Clinic-Hospital on June 2, 1936. The claim was mailed to the Industrial Accident Board on June 1st, the day before the operation, and received by it June 3d, the day following the operation, and nothing was said in the claim filed by appellee about an operation. The record shows, however, that before the hearing was had by the Industrial Accident Board on August 12, 1936, the board had been notified that the operation had been performed and in the award it is stated that following the infliction of the injury appellee submitted to a surgical operation for repair of hernia at the hands of Dr. Q. B. Lee of Wichita Falls on June 2, 1936, which had effected a cure, and in consequence of which he was entitled to $7.20 per week for the definite period of twenty-six weeks.

Appellee, claiming he had been permanently and totally disabled as a result of the injuries, gave due and proper notice that he would not abide by the final ruling of the Industrial Accident Board and, in due time, appealed from it and filed this suit in the district court.

Upon the trial in the district court before a jury, and in response to their findings upon special issues, the court rendered judgment in favor of appellee for the sum of $2,492.48, which included $100 for surgeon's fee and $72.20 for hospital expenses, awarding the same in a lump sum, with the usual discount, resulting in a net judgment of $2,319.78.

Appellant filed a motion for a new trial, which was overruled, and it has duly perfected its appeal to this court.

Appellant contends that the trial court erred in refusing to submit to the jury special issues Nos. 2 and 4 requested by it. Special issue No. 2 sought a finding from the jury as to whether or not the operation performed on appellee effected a cure of the hernia, and No. 4 sought a finding as to whether or not appellee had recovered from the operation for hernia. In the main charge the court submitted special issue No. 23, which was as follows: "Do you find from a preponderance of the evidence in this case that the operation for hernia as performed by Dr. Lee on C. H. Mote failed to restore C. H. Mote's former ability, if any,

430

to perform manual labor? Answer Yes or No as you find the facts to be."

This special issue was answered in the affirmative. No complaint is made of the form of the issue submitted by the court, and in our opinion it elicited from the jury all of the information that could have been elicited from them in findings upon appellant's requested special issues Nos. 2 and 4. It was the contention of appellant that appellee had recovered from the operation and that same was successful, and that under such circumstances he was entitled to compensation for only twenty-six weeks under subdivision 4 of section 12b, art. 8306, R.C.S.1925. Under the circumstances, appellant was entitled to have the jury determine the question of whether or not the operation was successful, but it is not required that a special issue concerning such matter shall be submitted in the wording of the statute. Clearly, if the operation failed to restore appellee to his former ability to perform labor, it would not be a successful operation as contemplated by the statute, and in this case a special issue submitted in the form requested by appellant would not have encompassed the claim and contention being made by the appellee. It was alleged and proved by ample evidence that, as far as the operation itself was concerned, it reduced the hernia, and there is no doubt appellee had completely recovered from the operation itself. Appellee claimed, however, and the jury found, in effect, that, notwithstanding the hernia had been reduced and appellee had recovered from the operation, he had a leftover condition from the injury and operation which rendered him totally incapacitated to perform labor. The question, therefore, was whether or not the operation had failed to restore appellee's former ability to perform labor. It was submitted by the court in this form, and we think it was the correct one.

Under its second, third, and fourth propositions appellant contends that the question of whether or not the operation was successful was not presented to nor passed upon by the Industrial Accident Board, and, therefore, appellee is not entitled to have that matter passed upon by the district court. We do not agree with appellant in this contention. It is true the claim filed with the board by appellee did not mention the operation. In fact, the operation had not been performed when the claim was mailed to the board. The

hearing was not had until August 12, 1936, and the record shows that on August 5th, Dr. Lee's report was mailed to the board and that on July 15th the chairman of the board wrote a letter to appellee's attorneys, acknowledging receipt of a letter from them of July 9, 1936, advising the board that the claimant had been operated upon for hernia. Moreover, the award states that: "Following infliction of injury C. H. Mote submitted to surgical operation for repair of hernia at the hands of Dr. Q. B. Lee of Wichita Falls, Texas, on) June 2, 1936."

It is clearly shown, therefore, that, at the time of the hearing and entering of the award by the Industrial Accident Board, it had before it, not only the claim filed by appellee in which he claimed total and permanent incapacity from the injury, but also complete information concerning the operation. In fact, the hearing was delayed in order to give the attorneys for appellee sufficient time to procure from Dr. Lee a statement concerning the operation and its effect. This statement was forwarded to the board and received by it before the hearing was had. Formal pleadings, such as are required in the district court, are not essential in proceedings before the Industrial Accident Board. The law requires that notice be given and the claim filed, both of which were done in this case, and in the claim there was a demand for compensation for total and permanent disability. The board adjudicated that claim and, in doing so, it considered the operation and the question of whether or not it was successful, and the record warrants the conclusion that it had before it at the time of the hearing all of the elements of the claim that are involved in this suit. Security Union Ins. Co. v. Cartwright et al., Tex.Civ.App., 33 S.W.2d 1088; Hartford Accident & Indemnity Co. v. Choate, 126 Tex. 368, 89 S.W.2d 205.

It is held that hernia is not a specific injury in the same sense as injuries provided for in section 12 of article 8306, the Workmen's Compensation Act. Section 12b defines the conditions under which compensation may be granted, and also the definite limitations upon the amount that may be allowed. The statute does not require an injured employee in a case of this kind to file his claim for anything other than a hernia, and where he has received an injury to a specific member

of the body he is not confined to a recovery of the compensation specially provided for such injury if he alleges and proves other injuries, or if it be fairly shown that the injury to the specific member of the body has involved other portions of the body or affected his general health. Under such allegations and proof he is entitled to compensation under the more liberal provisions of the act. Texas Employers' Ins. Ass'n v. Henson, Tex.Civ. App., 31 S.W.2d 669, reversed on other grounds, Tex.Com.App., 48 S.W.2d 970.; Texas Employers' Ins. Ass'n v. Neatherlin, Tex.Com.App., 48 S.W.2d 967.

■■ In his petition appellee alleged his wages to be $21 a week, but prayed for a lump sum award in the sum of $2,810, which would be much less than 401 times 60 per cent. of $21, the amount to which he would have been entitled for total, permanent incapacity upon a wage scale of $21 per week. Appellant complains of the action of the trial court in overruling his special exceptions to the discrepancy, the nature of which he claimed was such as to preclude a recovery by appellee of compensation for total and permanent disability or an award of compensation in a lump sum. The law, Vernon's Ann.Civ.St. art. 8306, § 15, precludes a lump sum recovery upon any claim of compensation other than a claim of total and permanent incapacity or death, and, manifestly, an employee who has suffered only partial or temporary incapacity could not bring himself within the class entitled to a lump sum recovery by arbitrarily or fraudulently alleging total permanent incapacity and then praying for a recovery of temporary or partial incapacity. Appellee does not explain the discrepancy, but it is not claimed the allegations were arbitrarily or fraudulently made and the evidence showed, and the jury found, his weekly wage to be $12 instead of $21. The judgment entered by the court was for 60 per cent. of the amount found by the jury as his weekly wage, and, as no injury is shown, we fail to find reversible error in the action of the court in overruling the exceptions or rendering judgment for the amount for which it was rendered. These assignments are therefore overruled.

■■ The next complaint presented by appellant is the refusal of the court to submit to the jury a special issue requested by it in which the jury would have been asked to find from a preponderance of the evidence that the disability of appellee would not be removed by physical exertion. This special issue was based upon the testimony of Dr. Jones to the effect that after an operation for hernia, as a rule, he keeps the patient off of work for eight or ten weeks, during which time, he said, the patient becomes soft to the extent that when he goes back to work he has considerable soreness. He said that if appellee would go back to work and perform physical labor for ten days or two weeks, the soreness of which he complains would entirely disappear, but as long as he does not work nor exercise the muscles and tendons in the area of the operation, he will experience tenderness and the muscles and tendons will be sore. The testimony of Dr. Jones on this point was necessarily his opinion. The jury could not have known whether exercise would remove the disability or not. If they had answered the special issue, their answer could have been nothing more than their opinion obtained from the testimony of the surgeon, as to the probability of a future event, which would not have furnished a proper basis for a judgment in a case of this kind. The statute, article 8307, § 4, as amended by Acts 1931, c. 102, § 1, Vernon's Ann.Civ.St. art. 8307, § 4, makes provision for physical examination of a claimant under the Compensation Law when requested by the insurer. There was no such request in this case. If appellant desired that the jury pass upon the question presented by the requested special issue, the proper course would have been to request an examination upon the theory that appellee was persisting in injurious practices which tended to imperil or retard his recovery. If an examination had been made under such circumstances and the evidence in respect thereto had warranted it, it would have been proper for the court to submit an issue as to whether or not appellee was persisting in such practices. Such matters are fully provided for by the statute and it furnishes the only rational basis for a finding of the jury on the question of fact involved. The court did not err in refusing to submit the special issue requested. Texas Employers' Ins. Ass'n v. Galloway, Tex.Civ.App., 40 S.W.2d 973; Texas Employers' Ins. Ass'n v. Downing, Tex.Civ. App., 218 S.W. 112.

■■ Appellant requested the court to submit to the jury a special issue under which they would have been requested to find whether or not appellee's injuries were not confined to hernia. The effect of this

special issue would have been to require the jury to determine whether or not appellee was suffering from injuries other than those resulting from the hernia. In the main charge the court submitted special issue No. 17 in the proper form, which was answered by the jury, to the effect that appellee's incapacity to work was not the result of causes other than injuries sustained by him on or about May 19, 1936. The special issue submitted by the court encompassed all of the information sought by appellant in the special issue requested, and the refusal of the court to submit the special issue requested was not error.

Under the eighth special issue the court submitted to the jury the question of whether or not appellee sustained any loss of capacity to work as a result of the injury. Appellant complains of the submission of this issue in the form in which it was submitted because it did not confine the question to incapacity by reason of the hernia and permitted the jury to find incapacity as a result of other causes.

The claim filed by appellee with the Industrial Accident Board stated that his left side in the front part of the abdomen, near the left groin, was the portion of the body that was injured, and that the place of the injury was swollen and he was unable to stand on his feet without suffering intense pain. It stated further that the injury had resulted in permanent and total disability. This, together with the further information later filed in the form of letters and statements to the board, constituted the claim of appellee that was adjudicated by the board when it had the hearing. Dr. Parnell testified that he had examined appellee, and that when he walks, he has to do so very carefully in order to prevent pain; that he cannot straighten his body very well, nor hold himself in a straightened position. He said that, from what he found in the examination, appellee was very much weakened; that the condition was permanent; that it would last as long as he lives; and that he cannot do anything. There is no evidence in the record nor claim by appellee that his condition, as testified to by the physicians and himself, is due to any injury or cause other than the injury which he received on May 19, 1936, for which the claim was made to the Industrial Accident Board and alleged in his petition in the district court. We think, therefore, that the special issue submitted by the court was correct in form and substance, and these assignments are overruled.

Under its eleventh proposition and assignments of error supporting it appellant complains of the form of special issue No. 22 submitted by the court upon the question of a lump sum recovery. The special issue requested the jury to find from a preponderance of the evidence whether or not appellee should be paid his compensation, if any, in a lump sum. Following the special issue the court instructed the jury that if they should find that manifest injustice and hardship would result to appellee in the event the compensation, if any, were not paid in a lump sum, they would answer the special issue in the affirmative. He instructed them, also, that if they failed to find from a preponderance of the evidence that a failure to compensate appellee in a lump sum would not result in manifest injustice and hardship to him, they would answer in the negative. Appellant's complaint to this special issue is that the issue and the accompanying instructions constituted a general charge and had the effect of informing the jury of the effect of their answer. We do not agree with appellant in this contention. The jury was requested to answer the special issue yes or no, and the instruction given them in connection with it was such as to enable the jury intelligently to answer as they found the facts relative to the elements provided by the statute. We do not think the special issue was subject to the exceptions, and this assignment is overruled.

The twelfth and last proposition and assignments of error in connection therewith assail the portion of the judgment granting to appellee recovery of $100 as the surgeon's fee for performing the operation upon the ground that there was no proof as to its reasonableness. The record fails to show any proof of the reasonableness of the fee allowed for the operation and services of Dr. Lee. Appellee contends, however, that inasmuch as it was shown the hospital at Wichita Falls where the operation was performed was a hospital of repute and that Dr. Lee and Dr. Jones were associated and were reputable surgeons of high standing, and that the actual fee paid or agreed to be paid for the operation was $150, the court was warranted in submitting the question to the jury and in rendering a judgment for $100 upon the jury's verdict. The rule is that recovery may not be had for items such as this in the absence of both allegations and proof that they are reasonable. Appellee's right to recover this item was dependent upon such allegations and proof. It was properly al-

leged in his petition, but he failed utterly to present evidence of the reasonableness of the amount. He was, therefore, not entitled to recover the amount provided by the judgment for the surgeon's fee. Texas Employers' Ins. Ass'n v. Henson, supra.

We have examined all of the assignments of error and propositions presented by appellant, and, in our opinion, no error is shown by any of them except the twelfth, which complains of the action of the court in including in the judgment the sum of $100 as compensation to the surgeon for performing the operation. Inasmuch as this item is segregated in the verdict and the judgment, and·it is, therefore, certain as to the amount allowed as the surgeon's fee, we conclude the proper disposition to make of the case is that the judgment be affirmed upon condition that appellee, within ten days, files a remittitur for the sum of $100, the amount allowed by the judgment as surgeon's fee; otherwise, the judgment should be reversed and the cause remanded; and it is so ordered.

Affirmed upon condition of remittitur.