**AMERICAN GENERAL INSURANCE COMPANY, Appellant,**

v.

**Wilbur V. JOHNSON, Appellee.**

No. 15609.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 4, 1970.

Rehearing Denied July 9, 1970.

Vinson, Elkins, Searls & Connally, Louis E. McCarter, Houston, for appellant.

Mike Willatt, Houston, for appellee.

BELL, Chief Justice.

Appellee was found to be suffering from silicosis which developed while he was an employee of Texas Electric Steel Casting Company. The jury found he suffered permanent partial incapacity and judgment was rendered on the verdict for accrued compensation of $5,466.49 and additional compensation of $26.59 per week for 108¾ths weeks.

After the verdict, which found all issues favorably to appellee, was returned, appellant filed a motion praying that it have a judgment of dismissal for want of jurisdiction. This was based on the premise that the only claim filed with the Industrial Accident Board was for an accidental injury. Further the motion asserted that the evidence at trial showed only an occupational disease and not an accidental injury and that the only issues submitted to the jury encompassed the theory of an occupational disease.

It is well settled in a workmen's compensation case that the claim asserted on appeal to the district court must be the same as that filed with and acted on by the Industrial Accident Board. Solomon v. Massachusetts Bonding & Insurance Co., Tex.Civ.App., 347 S.W.2d 17 (San Antonio), writ. ref.; Hartford Accident & Indemnity Co. v. Choate, 126 Tex. 368, 89 S.W.2d 205; Consolidated Underwriters v. Wright, Tex. Civ.App., 408 S.W.2d 140 (Houston), Ref.,

n. r. e. This is jurisdictional and may be raised at any time. Solomon v. Massachusetts Bonding & Ins. Co., supra, and authorities there cited.

Using a printed form of "Notice of Injury and Claim for Compensation" employed by the Industrial Accident Board, appellee filed his claim January 25, 1966. Following the printed words "I was injured on" there is typewritten "November 6, 1965." The form showed his employer and his place of employment. He started losing time November 6, 1965. The space to show how long he had been working for this employer is left blank. It is undisputed he had worked for the employer 14 years. He stated he returned to work but could not continue. He did not give the date of his return. In the space headed "Describe Accident and Your Injury (in your own words)" the following is recited: "While close in with very poor ventilation or no ventilation, Plaintiff inhaled too much sand, chemicals, carbon, and other foreign matters and impurities and deleterious matters injuring his lungs, nerves throughout the body, general health and other injuries." The claim also reflects hospitalization from November 6–12 and also on December 22.

On February 3, 1966, the Board sent appellee, the employer and appellant notice of a hearing. The form called for appellee to give certain information to be used in connection with the hearing on appellee's claim. The date of the injury is given. In the space for statement of "Nature of Injury" there is typed "Respiratory tract damaged due to inhalation of chemicals on job." On the form the date of injury is given. Immediately following the space where the date of injury is shown appears a space stating, "If Claim Is for An Occupational Disease, Give: * * *" To the right of this is a space labelled "Date of The First Manifestation of Disease." Appellee showed nothing in this space. The date when he was "last injuriously exposed to substance causing the disease" is not filled in in the space provided.

In the space designated "When did you start losing time from work as a result of this injury?" there is typed the word "immediately".

The employer made an "Employer's First Report of Injury" to the Board. In the report in the space labelled "Date of Injury" is typed "Disease alleged." The date disability began is stated as November 6, 1965. It showed notice was given to its Personnel Director.

Appellee was shown to be a welder. In the space for showing how long appellee had been employed is typed "11/5/51." In the space labelled "Describe fully how accident occurred, and state what employee was doing when injured" is typed "Employee alleges occupational disease."

The doctor's report furnished the Board by appellant, the doctor being the one the employer sent appellee to on November 5, stated appellee complained, among other things, of "severe central and left chest pains" and shortness of breath. The report stated the lungs were clear. He made a diagnosis of "possible myocardial infarct." The report stated "no injury or condition due to occupation." It also stated that there was no disability due to injury or occupation.

The hearing statement of the appellant states the principal issue before the Board was "whether or not claimant sustained injury as alleged and if so, whether or not there resulted any disability for which compensation would be due." It denies appellee sustained "an injury as alleged" and that there remained any disability.

The Board in its order dated March 23, 1966 denying the claim used this language: "The Board Finds That The Evidence Submitted Fails to Establish That The Claimant Suffered a Compensable Injury in The Course of Employment for Subscribing Employer herein as Alleged. Therefore, Said Claim is Denied."

In appellee's Original Petition he alleged accidental personal injuries and described

the injuries as he had in his claim filed with the Board. He then alleged he "sustained immediate total incapacity and disability for labor * * * at the time of such inhalation of the impurities named above and other impurities and deleterious and poisonous and destructive matters to the internal parts of Plaintiff's body * *" He alleged no pre-existing bodily infirmity but if he was mistaken in this and did have infirmities such were aggravated by the injuries sued on.

In his First Amended Original Petition filed in March, 1969, he asserted in a few words he received an accidental injury. Then, alternatively, he alleged that he developed silicosis by reason of long exposure to silica and other dust particles to which he had been exposed during the fourteen years he had worked for Texas Electric Steel Casting Co. The unusually heavy concentration of such dust on November 6, 1965 caused the silicosis to flare up and put appellee in the hospital.

In appellee's Second Amended Original Petition, filed in July, 1969, he alleged he "sustained an accidental injury to his body, namely, silicosis * * *" He then alleged if he was previously suffering from any disease or condition, it was not disabling, but the injuries complained of aggravated the condition and were the producing cause of his disability. He then, alternatively, fully pleads facts showing the occupational disease of silicosis.

The real effect of the Second Amended Original Petition is to allege only the occupational disease of silicosis.

■ We need not, in the light of our disposition of the case, detail the testimony. It suffices to say that the evidence is sufficient to support the conclusion that appellee at some time contracted the disease of silicosis.

■ We are of the view that the trial court was in error in overruling appellant's motion to dismiss the case because of a variance between the evidence on trial and the claim filed with the Industrial Accident Board.

An analysis of the claim filed by appellee and his hearing statement, which we have above noticed, in all relevant particulars, reflects that he was claiming disability that resulted from an occurrence at a definite time and place that immediately caused harm to the physical structure of the body. The claim filed on the claim form furnished by the Board in describing the occurrence and the resulting injuries uses language comparable in principle to that used in Barron v. Texas Employers' Ins. Assn., 36 S.W.2d 464 (Tex.Com.App.); Consolidated Underwriters v. Wright, 408 S.W.2d 140 (CCA), ref., n. r. e.; Solomon v. Massachusetts Bonding & Ins. Co., 347 S.W.2d 17 (CCA), writ ref.; and Texas Employers' Ins. Ass'n v. Cross, 358 S.W. 2d 156 (CCA), ref., n. r. e. In each of the cases, with the exception of Cross, there was a general description of the incident which included statements of inhalation of some substance which if inhaled over a long period of time could cause an occupational disease. However, the claim did not allege prolonged exposure. To the contrary, it asserted that on a specified date there was the inhalation of a substance which at that time caused damage to the lungs and other bodily damage or injury, other than to specific appendages, which from said time caused inability to work. The cases held this described a general injury, as distinguished from an occupational disease, because an injury to the physical structure of the body causing disability to labor was traced to a definite time and place.

In Cross, the worker sued to recover compensation because he had contact dermatitis. Contact dermatitis is listed in the Workmen's Compensation Act as an occupational disease. The carrier urged the jury finding of an accidental injury had no support in the evidence because the proof showed it was an occupational disease because acquired in the usual and ordinary course of an employment, which from common experience is recognized to

be incidental thereto. The court stated that the fact that contact dermatitis was listed as an occupational disease did not mean that it could never be the result of an accidental injury. It held the evidence supported the finding because the accident which caused Cross to be coated with an unusual amount of concrete on a given day, almost immediately caused eruptions on his hands and legs. Then swelling, itching, inflammation and blisters spread to his arms, feet, back and chest. The injury to the physical structure of the body was traceable to a definite time and place.

In the case before us the claim asserted before the Board described a definite occurrence which occurred at a definite time that caused damage to the physical structure of the body which forthwith resulted in incapacity to work.

We think it of particular significance that in the hearing statement filed by appellee he gave a specific date of the injury. Immediately following this he left blank the space which called for him to give the date of the first manifestation of disease, if he were claiming an occupational disease, and also left blank the date he was last exposed to the substance. This, together with the other specific information relied on in the claim before the Board, effectively negatived an intent to claim an occupational disease.

We think the case of Solomon v. Massachusetts Bonding & Insurance Company, supra, is controlling.

We deem this Court's opinion in Consolidated Underwriters v. Wright, supra, to be distinguishable. The suit was for a general injury. The claimant had used a form covering occupational disease. However, in filling out the form he gave specific information showing the inhalation of an unusual amount of smoke and fumes on a specific date that caused "irritation of the lungs and bronchi" and this caused disability. He stated he reported the "injury" to his employer. He later wrote the Board stating, "I am writing with regard to a accident." We held that considering all the information given, Wright in his claim before the Board was asserting an accidental general injury and the mere fact of his using an occupational disease form was not controlling.

In view of our disposition of the plea to the jurisdiction it is unnecessary for us to discuss the other points of error.

Reversed and rendered.