**AMERICAN GENERAL INSURANCE COMPANY, Appellant,**

v.

**Wilbur V. JOHNSON, Appellee.**

No. 15609.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 25, 1971.

Vinson, Elkins, Searls & Connally, Louis E. McCarter, Houston, for appellant.

Mike Willatt, Houston, for appellee.

BELL, Chief Justice.

In original disposition of this case we reversed and rendered the judgment which awarded appellee recovery for permanent partial incapacity because he was suffering from the occupational disease of silicosis. The basis of our decision was that the claim filed with the Industrial Accident Board was for a specific injury while suit was based on a claim for occupational disease. Tex.Civ.App., 456 S.W.2d 188. We then found it unnecessary to pass on the other points of error. The Supreme Court disagreed, holding there was no such variance. 14 Supreme Court Journal 159. On original disposition that court reversed this court and affirmed the trial court. On motion for rehearing that court reversed and remanded the case to this court to pass upon points of error assigned here but not passed on by us. The points assigned asserted there was no evidence to support the jury's answers to certain issues, that they were not supported by factually sufficient evidence and that the answers were contrary to the overwhelming weight and preponderance of the evidence. The Supreme Court passed on the no evidence points and found there was evidence of probative force to support the answers. There were other points which we did not pass on that we will later consider herein.

The points of error were directed at jury findings that appellee suffered incapacity within three years from his last exposure to silica dust; that for a period of ten years immediately preceding his incapacity he was exposed to inhalation of silica dust, and that the condition of silicosis was the producing cause of partial incapacity.

■ We hold that the evidence was factually sufficient to support the jury's answers and that such answers were not contrary to the overwhelming weight and preponderance of the evidence. In reaching these conclusions we have considered all of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

We will largely summarize the evidence.

Appellee went to work for Texas Electric Steel Casting Company in 1951. He continued to work for this concern until

December 22, 1965. This concern makes different kinds of steel castings. The moulds for the castings are made of sand. Molten metal is poured into the moulds. After the castings are properly hardened the moulds are removed by the employment of various means, including at certain stages the cutting by welders of sand pockets. To remove the sand there is use made of shaking machines, chippers, cutting of sand pockets. Too, the sand is blown from the castings by use of air hoses. Mr. Johnson testified that the result was that there was fine sand in the air in the building most of the time though the concentration was heavier in the first half of each day when the shaking machine was in use. Johnson worked at different distances from the heaviest concentration of the fine sand but at most times he was subjected to inhalation of the fine sand in varying degrees.

On November 6, 1965, he was cutting out some sand pockets. He at this time inhaled some sand. He felt like he was smothering. He had pain in the chest and numbness in the arms and legs. He was taken to the hospital. He remained there six days. He was unable to work for fourteen days. On December 22, 1965, he fell out again. He was taken to the hospital and given oxygen. His breathing then became better. He has not worked for Texas Electric since. Since then he has not done work where he would be subjected to silica dust. Some time later he "got to smothering" while he was at church and had to be taken outside. He cannot take a deep breath.

As to the working conditions appellee was corroborated by two fellow employees though their testimony is not as full as his. There was no contrary evidence.

Beginning in February 1966 appellee became a patient of Dr. Zionts. He gave the doctor a history which is in substance as set out above. He complained of shortness of breath. He was given an examination. The breathing sounds were not as loud as are to be expected. In 1968 x-rays were taken of the lungs. It looked like there were "snow flakes" from top to bottom of the lungs. There was infiltration throughout the lungs that was whitish. He diagnosed the condition as pneumoconiosis. There are several forms of pneumoconiosis but silicosis is the most common form. Based on the history and the condition shown by the x-rays, Dr. Zionts gave his opinion that appellee was suffering from silicosis. Based on a question containing a sufficient recital of facts that were in evidence about the working conditions, Dr. Zionts expressed the opinion that appellee's employment was of such a nature as to involve the hazard of silicosis. There is no cure for silicosis. It could get worse. It certainly gets worse through further exposure. Appellee is not physically able to do the type of work he has been doing.

Dr. Jones, a witness for appellant, at points in his opinion expressed the view that appellee was not suffering from silicosis. However, he testified shortness of breath was a symptom of silicosis. At another point, when shown the x-ray he stated the condition could well be silicosis. He also stated silicosis was the most common form of pneumoconiosis. At another point he testified appellee probably had silicosis.

Both doctors advised against appellee trying to do the type of work he had been doing.

Appellant's points asserting error in admitting certain testimony of Dr. Zionts are overruled.

■ Finally, appellant urges the trial court should have provided in its judgment that the future weekly wages should be paid until such time as appellee should die, not to exceed 108 3/7 weeks.

We overrule. Associated Employers Insurance Co. vs. Burris, 321 S.W.2d 112 (Tex.Civ.App.Amarillo), ref., n. r. e.

The judgment of the trial court is affirmed.