## TEXAS EMPLOYERS' INS. ASS'N v. ADCOCK.

### No. 2692.

Court of Civil Appeals of Texas. El Paso. June 30, 1932.

Rehearing Denied Sept. 15, 1932.

Wm. M. Cramer and Lawther, Cox & Cramer, all of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

WALTHALL, J.

This is the second appeal of this case. The first hearing on appeal is reported in 27 S.W. (2d) 363, to which we refer for a full discussion of several propositions presented on this trial.

The suit arises under the Texas Workmen's Compensation Law. At the time of the mat-

ters involved in this suit Dewey Adcock was an employee of Oldham & Sumner Lumber Company, which company carried a policy of workmen's compensation insurance with appellant, Texas Employers' Insurance Association.

This is an action brought by Dewey Adcock against Texas Employers' Insurance Association to set aside an award made by the Industrial Accident Board on September 18, 1928, awarding him compensation for 22 weeks disability, and to recover compensation for 401 weeks, at his wage rate, and in a lump sum.

Appellant insurance association answered by general demurrer, general denial, and plea of accord and satisfaction of the award of the board.

Appellee filed a supplemental petition in which he excepted to the plea of accord and satisfaction in paragraph No. 3, of appellant's answer, stating the board had made an award to appellee; that appellant had mailed a voucher in payment; and that same had not been returned, and set out the verbiage of the paragraph in full. The trial court sustained the exception and instructed appellant's attorney not to read said paragraph to the jury.

The claim for compensation before the board set out the nature of the injury and the way it happened; that appellee was loading lumber into a truck when a roll of picket fence became overbalanced and fell, knocking appellee down, wrenching and twisting his body, tearing the intestines from his left side, tearing and puncturing the abdominal wall on the left side, bruising and straining his entire body and dislocating the vertebræ in his back and in the lumbar region, causing pain in his back and in his side, injuring his kidneys and causing his kidneys and urinary organs to fail to function normally; that he sustained a hernia which appeared suddenly and immediately following the injury and was accompanied with pain; that he had not had hernia at any previous time, etc. Appellant answered by general demurrer, general denial, pleaded the action of the Industrial Board in its words and figures in making an award for 22 weeks, pleaded payment in part of said award by issuing to appellee its vouchers which were never returned to appellant and were therefore accepted by appellee and his attorneys.

In answer to special issues submitted the jury found substantially as follows:

(1) Appellee sustained an injury resulting in hernia while working for the Oldham and Sumner Lumber Company, on or about April 11, 1928.

(2) Such hernia appeared suddenly and immediately following appellee's injury.

(3) "Do you find from the evidence definitely to your satisfaction that such hernia, if any, did not exist in any degree prior to such injury, if any? Answer Yes or No." The jury answered: "No."

(4) Such injury, resulting in hernia was accompanied by pain.

(5) Such injury, resulting in hernia, was sustained by appellee in the course of his employment as employee of Oldham & Sumner Lumber Company.

(6) Appellee sustained accidental personal injuries other than hernia, on or about April 11, 1928.

(7, 8, and 9) Appellee sustained such accidental personal injuries other than hernia, in the course of his employment as an employee of Oldham & Sumner Lumber Company, (8) which naturally resulted in total incapacity, and (9) is permanent.

(10) Conditional on answer to 9, and not answered.

(11, 12, 13, and 14, not answered.)

(15) Manifest hardship and injustice would result to appellee if compensation was paid in weekly installments instead of in a lump sum.

(16 and 17) Due notice of injuries to appellee was received by appellant and Oldham & Sumner Lumber Company.

(18 and 19) Claim for compensation was seasonably made by appellee to appellant and the board.

(20 and 21) The average weekly wages of appellee at the time of his injuries, and for the year preceding were $24.05.

(22) The accident to appellee was in Dallas county, Tex.

The trial court (on motion of appellee to reform the judgment) made the compensation payable weekly.

The court received the jury's verdict, set aside the final ruling and decision of the board, found that appellee is entitled to recover for 401 weeks at the rate of $14.43 per week, beginning April 11, 1928, with interest, made other findings, and entered other orders in the judgment not necessary to state.

Appellant duly prosecutes this appeal from an order and judgment overruling its motion for judgment in its favor.

### Opinion.

In the third paragraph of its amended answer upon which appellant went to trial, appellant pleaded at length the order of the Industrial Accident Board, awarding to appellee compensation for a period of 22 weeks. The order of the board was pleaded by appellant in accord and satisfaction for the injuries sustained by appellee. In connection with said plea, appellant pleaded that in compliance with said award it delivered to appellee claimant and his attorneys, its vouchers, in sums stated, in compensation for 14 weeks of said period of 22 weeks.

The trial court sustained appellee's excep-

tion to appellant's said plea and instructed counsel for appellant not to read same to the jury.

Appellant challenges the correctness of the court's ruling and by several propositions assigns same as error.

On the former appeal of this case the same ground of error was submitted to the Dallas Court of Appeals. Judge Vaughan wrote the opinion for the court and at some length stated and discussed the proposition, holding in effect that in the employee's suit to set aside the award of the board, striking out the order of the board and the defense of accord and satisfaction of such award, was not error; that in the trial de novo it is improper to put the award of the board before the jury either by pleading or testimony. The same question has several times been before the courts.

■■ In Fidelity Union Casualty Company v. Cary, 25 S.W.(2d) 302, the Commission of Appeals held that it would be improper to introduce in evidence before the jury the record of the findings of the board, as the award would be immaterial to any issue to be tried to the jury. It is only where the board's award has become final, and payment of the award has been made that such award and payment is accord and satisfaction. The record shows that appellant's vouchers, attached to an unsigned compensation settlement receipt not approved by the board or by any court, while retained by appellee, had never been cashed but tendered by appellee to appellant's counsel in open court, and their tender refused. To constitute an accord and satisfaction it must appear that appellee agreed to receive the vouchers or the money represented by the vouchers in satisfaction of the award or the injuries for which he sues, and that the award had been paid by appellee cashing the vouchers. There can be no agreement, express or implied, unless both parties have an intention to make it. Here there is no allegation that the parties had entered into an agreement of any kind for the settlement of the award or the damages for the injuries for which the award was given, nor is there in the plea a suggestion of an agreement or an intention to make an agreement of which the delivery or the receipt of the vouchers would be an execution. Gulf, C. & S. F. Ry. Co. v. Gordon, 70 Tex. 80, 7 S. W. 695.

■■ Accord and satisfaction must be sufficiently pleaded and proved like any other agreement; the burden of proof rests on the party alleging it as a defense. Texas Jurisprudence, vol. 1, p. 294, and cases cited.

By several issues the court submitted to the jury to find whether appellee sustained accidental bodily injuries other than hernia, and other injuries resulting from hernia resulting in total and permanent incapacity. The jury found in the affirmative on each issue. Appellant objected and excepted to each of such submissions, and insists that there is no evidence of a probative nature to raise such issues, and because the only claim urged by appellee to the Industrial Accident Board was for a hernia, and the district court in the trial de novo, and this court having by an appeal only the jurisdiction of the board, such courts have no jurisdiction to determine any matter except the issues raised before the board, to wit, in this case a hernia.

We have stated the claim for injuries made by appellee before the board and need not restate it here.

■ We have carefully reviewed the evidence of the several witnesses who testified as to appellee's injuries, and, without transcribing it in full, have concluded that it fully justified and required the submission to the jury of injuries other than of hernia. Dr. Lane B. Cook examined appellee on more than one occasion, and testified from what he observed in his examinations and from X-ray pictures made of the parts of appellee's body alleged to have been injured. He testified at some length as to an injury to the hip and other parts apparently not related to a hernia. He said in part: "Leaving out the consideration of the hernia entirely, those injuries I found there which I have testified about there, to the sacroiliac joint and the back, produce a permanent disability. I think it produces a permanent and also a total disability."

Other physicians testified for appellant and found injuries, but stated a less injured condition than did other witnesses and Dr. Cook. The jury heard all of the evidence, determined the preponderance of it, and made findings, and we pass on the evidence as reasonably sufficient to justify the submission of the issue to the jury, and its sufficiency to sustain the finding. In Wininger v. Ft. Worth & D. C. Railway Co., 105 Tex. 56, 143 S. W. 1150, the rule is very clearly stated as follows: "If, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff," then there is evidence to support its verdict.

The evidence certainly has sufficient probative force to raise the issues submitted to the jury.

■ The other question presented in this connection is the power or jurisdiction of the district court to hear and determine in a trial de novo issues as to injuries other than such as were raised before the Industrial Accident Board.

The question has often been discussed and passed upon by the courts in this state. In this case on the former appeal the Dallas court fully discussed the question presented and held against appellant's contention. In

Ætna Life Ins. Co. v. Bulgier et al., 19 S.W. (2d) 821, 823, by the same court, the same question was discussed. In that case the notice to the board was stated to consist of a broken arm near the wrist. In a suit in the district court to set aside the award of the board, it was held that the injured party can recover where the injury extended to and involved other portions of the body and thereby totally and permanently incapacitated the injured employee, the court holding: "If there be an injured arm, as in this case, and the results are confined to such arm, then the injury is specific; if the results are not confined to the arm, but extend to other parts of the body, then the injury is general," and affirmed the case. A writ was refused.

■ Appellant objected to the evidence of a number of witnesses on the ground that no sufficient predicate had been first laid for the introduction of their testimony, that is, the accident causing the injury to Dewey Adcock had not been shown before the evidence of the witnesses, as to his injuries, was heard. The witnesses were permitted to testify as to the physical appearance and condition of Dewey Adcock before and after the 11th day of April, 1928, the date of the accident, before Dewey Adcock had testified to an injury on that date.

We think no reversible error is shown. We have no rule prescribing the order by which a party must introduce his evidence. Evidence, when offered, might appear to be irrelevant, and, if not made relevant, can be stricken. All that seems required, when evidence is offered which, at the time, seems wholly immaterial and irrelevant, on objection made, is to suggest or assure the court that it will be connected up or its materiality or relevancy be shown.

In San Antonio & A. P. Ry. Co. v. Robinson, 79 Tex. 610, 15 S. W. 584, the court said it is largely in the discretion of the (trial) court to prevent the introduction of testimony out of its usual order, and the exercise of that discretion is clearly not a ground for the reversal of a judgment. No abuse of discretion is shown.

■ Special charge No. 1, submitting to the jury to find whether Dewey Adcock sustained an injury resulting in hernia while working for Oldham & Sumner Lumber Company on or about April 11, 1928, answer yes or no, is not objectionable as being "multifarious, and duplicitous," as submitted by appellant. We think, also, there is evidence of probative force sufficient to raise the issue. The evidence, however, is more or less confusing.

■ The appellant's statement, under the proposition, we might state here, that while objecting to issue No. 1, issue No. 2 is copied, and it is probable that issue 2 is the one appellant intended to object to instead of No. 1. No. 2 reads: "Do you find from the evidence definitely to your satisfaction that such hernia, if any, appeared suddenly and immediately following plaintiff's injury, if any? Answer yes or no."

We do not think the charge is open to the criticism made. We have reviewed and stated some of the evidence in considering a previous proposition. All of the elements of the injury constituting hernia under section 12b, of article 8306, are made to appear by the evidence, and the jury found that the evidence definitely, and to the jury's satisfaction, sustained an injury resulting in a hernia. As said by Judge Hall in discussing Bankers Lloyds v. Pollard (Tex. Civ. App.) 40 S.W.(2d) 859, 861: "In order for the plaintiff to recover, he must prove that the hernia resulted both suddenly and immediately, and there is no reason why they should be submitted disjunctively. * * * If it be held that the issue is duplicitous, the effect would be to thereby place a burden upon the plaintiff, of which the plaintiff only could complain." A writ of error was denied. Under paragraph 2, of section 12b, of said article, the injury sustained, to constitute a hernia, the proof must show "that the hernia appeared suddenly and immediately following the injury." That the hernia appeared "suddenly and immediately," as we view it, constitutes one fact, or point, a single connected proposition, which would be incomplete without stating both elements. In other words, the statute requiring that the injury, to constitute a hernia, must appear suddenly and immediately, both being material to the statement of one fact, the charge is not duplicitous where submitting the two elements in one question. But should we be in error in so holding, the evidence is uncontroverted that the hernia appeared suddenly and immediately following the injury.

Appellee in his suit claimed and offered evidence on his claim for a lump sum settlement.

■ The court submitted to the jury an issue on the lump sum settlement, and the jury found in favor of appellee on the issue. Subsequently appellee waived his claim for the lump sum settlement, and the court, on appellee's motion, reformed the judgment making the payments payable weekly.

Appellant submits that the court cannot ignore the jury's findings material to the case made by the pleadings and enter judgment non obstante veredicto, but can enter judgment only in conformity with the verdict.

We think no reversible error is shown.

No evidence was offered as to what a reasonable discount would be in the community in which the injury occurred, and the jury made no finding on that issue. There being no proof on the discount issue, the lump sum issue was not in the case, and the court should have sustained appellant's objection to the submission of the lump sum issue on that ground. Article 2211 of our statute on judg-

ments, as amended, by the 42nd Legislature, page 119, c. 77, § 1 (Vernon's Ann. Civ. St. art. 2211), provides, in part, that the trial court may, upon motion, disregard any special issue jury finding that has not support in the evidence, thus abrogating the rule invoked by appellant in its twenty-fifth proposition.

We have found no reversible error and the case is affirmed.