## MILLER v. TEXAS EMPLOYERS' INS. ASS'N.

No. 11539.

Court of Civil Appeals of Texas. Dallas.
Oct. 14, 1933.

John W. Craig and W. O. Scott, both of Dallas, for plaintiff in error.

James P. Swift, of Dallas, for defendant in error.

LOONEY, Justice.

Texas Employers' Insurance Association, insurance carrier for Texas Construction Company, employer, filed suit to set aside an award of the Industrial Accident Board in favor of Barney Miller, employee. The parties will be referred to as Miller and the association. Miller answered the suit and, in a cross-action, alleged that, on January 10, 1930, he was injured in the course of his employment while assisting in loading a heavy box into a box car, the box being shoved with great force and violence against his left groin and the lower left portion of his abdomen, and that hernia, which had not existed in any degree prior thereto, resulted suddenly and immediately, accompanied by pain. The association filed a general denial, and specially pleaded that, if Miller sustained a hernia at any time, it existed prior to January 10, 1930.

The case was submitted to a jury, and their findings required the rendition of judgment for Miller, allowing compensation for 401 weeks at the rate of $20 per week, under general provisions of the Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq., as amended), unless the answer of the jury to special issue No. 6, hereinafter discussed, required rendition of the judgment appealed from; or unless said answer is so conflicting and irreconcilable with other findings as to forbid the rendition of judgment at all.

The jury answered issues Nos. 1 and 2, to the effect that, on January 10, 1930, Miller sustained an accidental injury in the course of his employment with the Texas Construction Company. Special issue No. 3 and the answer of the jury are as follows: "Do you find and believe from a preponderance of the evidence that such injury, if any you have found, on January 10, 1930, resulted in hernia?" To which the jury answered "yes." And in answer to Nos. 4 and 5 the jury found that the hernia, accompanied by pain, appeared suddenly and immediately after the injury of January 10, 1930, and other findings fully established liability of the association, as above stated, unless the answer of the jury to special issue No. 6 forbade judgment in favor of appellant. This issue and the answer of the jury read: "Do you find and believe from a preponderance of the evidence that said hernia, if any, did not exist in any de-

884

gree before said accident of January 10, 1930, if any? Answer 'yes' or 'no.' " To which the jury answered "no."

In rendering judgment for the association, the trial court evidently proceeded on the idea that the jury found, in answer to issue No. 6, that Miller's hernia existed in some degree prior to the accident of January 10, 1930, for, in view of the other findings, the judgment could not have been rendered on any other theory.

It will be observed that special issue No. 6 required the finding of a negative, it is enigmatical in form, calculated to confuse the very elect, requiring thought and care to avoid giving an answer contrary to the one intended, and, in view of the evident trend and meaning of the entire verdict, we are inclined to the opinion that the jury was in fact misled and gave such an answer. But, if it be conceded that the jury intended to find, and did find, that hernia existed in some degree prior to the accident of January 10, 1930, then unquestionably such is in direct and irreconcilable conflict with preceding findings, to the effect that hernia, accompanied by pain, was suddenly and immediately produced by the injury of January 10, 1930, for, if this be true, it could not have existed prior to that time.

The rule is so academic as not to require citation of authorities that, when findings on material issues are so contradictory and conflicting as not to admit of reconciliation, judgment cannot properly be rendered thereon.

Because of the conflicting, inconsistent, and irreconcilable findings of the jury, as above set out, the case will be reversed and remanded for further proceedings. (The suggestion is respectfully made that, if trial courts would prescribe forms of affirmative and negative answers to issues requiring negative findings, such as the one under consideration, jurors could answer with certainty of meaning.)

We will notice some questions adverted to by counsel that may arise on a subsequent trial.

The record discloses that Miller also received an injury in the course of his employment, in December, 1929, and there is evidence tending to show that the hernia, of which he complains, had its origin at that time. This evidence is relied upon by the association in support of its plea that hernia existed prior to January 10, 1930, and is also basis for the contention by Miller that he is entitled to recover for the injuries received in December, 1929, as well as for those of January 10, 1930.

Miller filed, with the Industrial Accident Board, no claim for injuries received in December, 1929, and, no award being made thereon, the same constitutes no part of the cause of action under consideration. However, the fact and the nature of the December injury may be proven, as tending to show the origin of Miller's hernia.

Miller complains of the action of the court, in sustaining a special exception to and striking out a portion of paragraph nine of his cross-bill, wherein he alleged, in addition to hernia, certain permanent injuries that resulted from the accident of January 10, 1930. This assignment cannot be considered, as the record fails to disclose any such action by the court. However, in this connection, the association insists that the appeal from the award of the Industrial Accident Board presents the case for trial de novo, and that the court cannot adjudicate any matter not alleged in the claim filed with the board, and, as that was a claim for hernia, Miller cannot recover in this action compensation for any injury other than for hernia resulting from the accident of January 10, 1930. To this narrow view of the Compensation Law we cannot subscribe. The claim filed with the Industrial Accident Board was for compensation for injury caused by reason of a strain received as the result of lifting a heavy box. The procedure before the board is loose and informal; the litigation really begins when a petition is filed in court, to set aside the award of the board. So long as the injury complained of before the board, and the one made the basis of recovery in court, is identical, the employee may, as by amendment in other litigation, enlarge upon the claim as presented to the board. Texas Employers' Ins. Ass'n v. Jimenez (Tex. Civ. App.) 267 S. W. 752; Texas Employers' Ins. Ass'n v. Knouff (Tex. Civ. App.) 271 S. W. 633; Texas Employers' Ins. Ass'n v. Adcock (Tex. Civ. App.) 52 S.W.(2d) 781; Id. (Tex. Civ. App.) 27 S.W.(2d) 363, 370; Ætna Life Ins. Co. v. Bulgier (Tex. Civ. App.) 19 S.W. (2d) 821, 824 (authorities cited); Texas Employers' Ins. Ass'n v. Neatherlin (Tex. Com. App.) 48 S.W.(2d) 967, 969.

If, on a subsequent trial, Miller establishes his right to recover under general provisions of the law, he would, if the facts justify, be entitled to a lump sum settlement.

Reversed and remanded.