TEXAS EMPLOYERS INSURANCE ASSOCIATION
v. DEWEY ADCOCK.

No. 6385. Decided June 5, 1935.
Rehearing overruled July 3, 1935.
(83 S. W., 2d Series, 310.)

*Lawther, Cox & Cramer,* of Dallas, for plaintiff in error.

On the question that there could be no recovery because hernia existed before accident. Travelers Ins. Co. v. Washington, 5 S. W. (2d) 783; San Antonio & A. P. Ry. Co. v. Robinson, 79 Texas, 608, 15 S. W., 584.

On question of accord and satisfaction. Fidelity Union Cas. Co. v. Cary, 25 S. W. (2d) 302; Gulf, C. & S. F. Ry. Co. v. Gordon, 70 Texas, 80, 7 S. W., 695.

*White & Yarbrough,* of Dallas, for defendant in error.

On the question of there being no recovery for hernia. Texas Emp. Ins. Assn. v. Perry, 35 S. W. (2d) 1087; Great Am. Ind. Co. v. McElyea, 57 S. W. (2d) 966; Texas Emp. Ins. Assn. v. Neatherlin, 48 S. W. (2d) 967.

MR. JUDGE GERMAN delivered the opinion for the Commission of Appeals, Section A.

This is a compensation case. Judgment was based upon a claim of total permanent disability. Two opinions have been written by the Courts of Civil Appeals. 27 S. W. (2d) 363 and 52 S. W. (2d) 781.

1 The application for writ of errror was granted upon the theory that compensation had been allowed for hernia, and the finding of the jury to a certain special issue was to the effect that hernia had existed prior to the accident in question. Upon examination of the record, however, we find that the jury upon appropriate special issues found that defendant in error sustained accidental personal injuries, other than hernia; that such injuries were sustained in the course of his employment; that they resulted in total incapacity; and that such total incapacity from injuries other than hernia was permanent. There is no complaint as to any of these findings. The judgment of the trial court recites that defendant in error sustained accidental personal injuries, exclusive of injuries resulting in hernia, which resulted in total permanent incapacity, and judgment was entered upon such findings alone, and not for hernia. This, in our opinion, makes wholly irrelevant and immaterial the assignments upon which the application for writ of error was granted.

2 Plaintiffs in error's other main contention is that the trial court erred in sustaining a demurrer to its plea of accord and satisfaction. The award of the Industrial Accident Board was entered September 18, 1928, and on September 24, 1928, defendant in error gave due notice that he would not abide by the award but would appeal. Suit was filed in the district court on September 25, 1928. Plaintiff in error claims that on September 25, 1928, the day the suit was filed, it tendered vouchers for certain amounts to the attorneys for defendant in error in payment of the award of the Industrial Accident Board. The giving of notice of appeal and the filing of the suit within seven days after the award was made evidences an intention not to accept the award and the vouchers tendered in payment of same, and the plea of accord and satisfaction was without merit. The opinion of the Court of Civil Appeals in 27 S. W. (2d) 363, correctly disposed of this contention.

The other matters assigned in the application for writ of error have been carefully considered, and we find that they were correctly decided by the Court of Civil Appeals. But for the fact that this court was under the impression that an award had been made for hernia, the writ of error in this case would not have been granted.

The judgments of the trial court and of the Court of Civil Appeals are affirmed.

Opinion adopted by Supreme Court, June 5, 1935.
Rehearing overruled July 3, 1935.