**ALLIED UNDERWRITERS v. SPILLMAN
et al.**

No. 12932.

Court of Civil Appeals of Texas. Dallas.
Nov. 9, 1940.

Rehearing Denied Dec. 14, 1940.

Guy L. Mann, Sam McCorkle, and Andrew V. Allison, all of Dallas, for appellant.

White & Yarborough and Leo R. Tresp, all of Dallas, for appellees.

BOND, Chief Justice.

This cause of action arose under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. The beneficiaries, appellees here, brought the suit against appellant, Allied Underwriters, the insurance carrier, to set aside the decision of the Industrial Accident Board, denying benefits for the death of Joseph L. Spillman. The deceased, at the time of injury resulting in death, was a carpenter, employed by Allen F. Marshall.

Appellant's brief does not question the correctness of the judgment, or the findings of the jury, as not finding support in the evidence. Reversal is sought, first, because the average weekly wage or salary on which compensation was computed was not properly pleaded, to adequately advise the insurance carrier of the basis for compensation relied upon by the claimants, as provided in Art 8309, Sec. 1, R.C.S., Vernon's Ann.Civ.St. art. 8309, § 1; second, because of incorrect method of proof and submission of issues relating to the injured employee's weekly wage or salary; and, third, because of improper, prejudicial ar-

gument of appellees' counsel before the jury.

The record shows that the deceased had not worked in the employment in which he was injured, "substantially the whole of the year immediately preceding the injury." Mrs. Spillman, wife of deceased, testified, in answer to interrogatories:

"Q. Now Mrs. Spillman, for a year before he (Mr. Spillman) was hurt, that is, assuming that he was injured on or about the 5th of July, not particularly the 5th, but on or about that time, 1937, and taking it back to the 5th of July, 1936, a year's time, twelve months, was he regularly working during that year, or was there part of the time he wasn't working? A. Well there was some that he wasn't working.

"Q. Approximately what part of the year was it, that is in weeks, approximately how many weeks during that year, preceding year, was it he wasn't employed? A. Well I should say around four or five weeks.

"Q. Now during the time that he did work, what did he earn? A. He earned a dollar an hour for regular working day of eight hours per day."

The evidence also shows that other employees of the same class as Mr. Spillman—carpenters—worked substantially the whole of the year immediately preceding the date of Mr. Spillman's injury, and, in such employment, earned the same wage received by the injured employee. Jack Sherman testified that he worked as a carpenter during the whole of the year immediately preceding Spillman's injury, in the same locality where Spillman was injured, and earned a dollar an hour, working eight hours per day; and A. T. Wilson also testified to substantially the same facts as to his own employment and earnings.

■ On the first contention (supra) for reversal, appellant does not question the sufficiency of the petition as against a general demurrer, and its special demurrers are directed solely to the manner of presenting the issue. It will be observed that the special demurrers urged to plaintiffs' petition were not acted upon by the trial court, or disposed of by proper orders; therefore, under settled rule of law, such demurrers, though pleaded, are deemed to have been waived. In the absence of such an order of the trial court, every possible presumption must be indulged in aid of the petition. Bankers Lloyds v. Pollard,

Tex.Civ.App., 40 S.W.2d 859. However, nevertheless, while there is no order of the trial court affecting appellant's special demurrers, we are of opinion that had the court acted adversely thereto and proper orders shown of record, appellant's assignments based thereon would have been without merit.

■ Under the Workmen's Compensation Law, there are three ways of proving the average weekly wage of an employee, as set forth in Sec. 1, subds. 1, 2 and 3, Art. 8309. To qualify under subd. 1, the injured employee shall have worked in the employment in which he was engaged at the time of the injury, "substantially the whole of the year immediately preceding the injury," and his annual average wage or salary shall be 300 times the average daily salary which he shall have earned. The testimony of deceased's wife, above related, placed his employment outside this class for computation of his weekly wage. Under subd. 2, if the employment of an injured employee is not shown to fall under subd. 1, then the annual average wage shall be computed, 300 times the average daily wage or salary which other employees of the same class, working substantially the whole of the preceding year in the same or similar employment, in the same or in a neighboring place, shall have earned. Two witnesses testified (Sherman and Wilson) that they worked more than 300 days of the year immediately preceding the date of Spillman's injury, in the same place where Spillman was employed, or in a neighboring place, at a salary or wage of $1 per hour for an eight-hour day. This method being established by uncontroverted testimony, there can be no question that subd. 3, providing for average weekly wage to be computed by the court in a manner which may seem just and fair to both parties, has no application.

■■ Our courts have repeatedly held that subds. 2 and 3 of the Act cannot be resorted to for determining the average weekly wages of an employee, if the proof shows, or the record shows proof can be made, that the average weekly wage or salary of such employee can be computed under subd. 1. The three methods are interdependent, thus placing claimants under an election to rely upon one and not upon all of them. However, if in doubt as to which of the three methods should be sustained by proof on trial of the cause, the claimants

are privileged to plead, in the alternative, the three methods.

■■ Plaintiffs' pleadings alleged that the average weekly wages of Joseph L. Spillman were $42, and that he had been engaged in the employment in which he was working at the time of his injury, for more than one year next prior thereto. This allegation, if sustained by proof, would clearly place Spillman's employment under subd. 1, thus avoiding computation under subds. 2 or 3. Then plaintiffs alleged that they are informed and believe, and therefore allege it to be a fact, that other employees of the same class as Joseph L. Spillman worked substantially the whole of the year immediately preceding the date of his injury, and earned $42 per week. This allegation, if sustained by proof, clearly places the computation under subd. 2. Then plaintiffs pleaded, in the alternative, that, if the computation of the employment does not come under subds. 1 or 2, the court favor subd. 3, and, in conclusion, group all such allegations that have direct bearing upon the issue of wage or salary computation, saying: "Plaintiffs further respectfully show to the court that they are entitled to recover compensation insurance due on account of the disability of Joseph L. Spillman, under the terms and provisions of the Workmen's Compensation Act of Texas, upon the policy of insurance issued by Allied Underwriters to Joseph L. Spillman's employer, Allen F. Marshall. In the event the court finds and believes that plaintiffs have not properly set out Joseph L. Spillman's daily, weekly, or average weekly wages, or the period of time he worked, or the daily, weekly, or average weekly wages of other employees engaged in the same or similar employment to that at which he was working when injured in the same or neighboring place during substantially the whole of the year immediately preceding the date of his injuries, then plaintiffs ask the court to find and establish the correct wages and average weekly wages of Joseph L. Spillman and other employees upon which the compensation is based, and to award plaintiffs compensation insurance upon the basis of said wages, or average weekly wages found by the court."

■■ We do not think plaintiffs' petition is open to the challenge that it is insufficient to raise alternative pleas for compensation, to allow proof under all three of the methods designed by the statute. It clearly joins issues necessarily required to be proven; but, if it can be said that plaintiffs' pleadings are imperfectly drawn, the defects are cured by the verdict of the jury, established by unchallenged and uncontroverted proof. In compensation cases, the construction of pleadings must be liberally made in favor of complainant. Southern Surety Co. v. Weaver, Tex.Com.App., 273 S.W. 838.

■■ The next ground of complaint, that is, that the trial court erred in admitting evidence to sustain the wage computation under subd. 2 of Art. 8309 (testimony of Sherman and Wilson, supra), before evidence tendered showing that subd. 1 had no application to deceased's employment; and, allowing the jury to find that Joseph L. Spillman had not worked "substantially a year"—a question of law, without the province of the jury to determine—is, we think, without merit. While the substance of the rule is, that it is necessary for plaintiffs to allege, and for the evidence to show, that the weekly wage cannot be computed under subd. 1, before qualifying for computation under subds. 2 or 3, yet we have no rule prescribing the order by which a party must introduce his evidence. It is largely in the discretion of the trial judge to prevent introduction of testimony out of its usual order. When evidence is offered which, at the time, seems wholly immaterial and irrelevant and thereafter becomes material, the exercise of such discretion on the part of the judge, where no substantial harm or hurt is shown, presents no reversible error. Texas Employers' Ins. Ass'n v. Adcock, Tex.Civ.App., 52 S.W.2d 781; Id., 125 Tex. 484, 83 S.W.2d 310.

■ And, we do not think reversible error is presented in the manner in which the issues were submitted. The trial court submitted issues to the jury: (1) Issue No. 12—to find whether or not Joseph L. Spillman had worked "substantially the whole of the year immediately preceding the date of his said injury, if any was sustained by him on or about July 5, 1937?" To which the jury answered, "No"; and (2), Issue No. 16—whether Joseph Spillman did not work "substantially the whole of the year, from July 5, 1936, to July 5, 1937, in the same class of work he was performing for Allen F. Marshall, if any, July 5, 1937?" To which the jury answered: "He did not work substantially the whole of the year." In due time, appellant urged objections to the issues, first, on the ground that there

is no evidence in the record to warrant the submission of said issues; second, the court suggests in the issues, the answers to be made; and, third, the issues submitted leave the jury no discretion as to the manner in which the questions shall be answered; and then requested the court to submit its proffered issue, which was given, reading as follows: "Special issue No. 10: Do you find from a preponderance of the evidence that Joseph L. Spillman did not work substantially the whole of the year from July 5, 1936, to July 5, 1937, in the same class of work he was performing for Allen F. Marshall, if any, on July 5, 1937?" To which the jury answered, "No".

It will be observed that the above issue, requested by appellant, is in substantially the same words complained of in the court's main charge; and that appellant made no challenge to the submitted issues, as presenting to the jury a question of law, seeking a finding that the injured employee did or did not work "substantially the whole of the year"; instead of a finding of fact, as to the number of days such employee worked during the preceding year. It will be further observed that, in the charge of the court, the term "substantially the whole of the year" is defined as follows: "You are instructed that wherever the phrase 'substantially the whole of the year' is used in the court's charge is meant 300 days, or close to or near to 300 days. It may be slightly more than 300 days or slightly less than 300 days." Appellant raised no objection to the special issues submitted, or challenged the definition of the term, "substantially the whole of the year," as presenting a question of law and not a question of fact. We think it was the duty of appellant to point out the particulars which it now claims were erroneous, and to have done so before the case was submitted to the jury. Art. 2185, R.C.S.; Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920; Karotkin Furniture Co. v. Decker, Tex.Civ.App., 32 S.W.2d 703; Heid Bros., Inc., v. Bray, Tex.Civ.App., 7 S.W.2d 165.

The next ground of complaint assigned in appellant's brief, claiming prejudicial argument of appellees' counsel, does not reach this court in a manner requiring consideration. The record does not show approved bill of exception or any action of the trial court, indicating that the argument was ever made. Appellant brings the matter to the attention of the trial court only in motion for new trial, which bears

no indicia that same was ever approved by the court. There being no basis for the assignment in the record, it is overruled without further comment.

The judgment of the court below is affirmed.