Anna Mae **MOZLEY** et al., Appellants,

v.

**AMERICAN GENERAL INSURANCE COMPANY, Appellee.**

No. 13466.

Court of Civil Appeals of Texas.

San Antonio.

May 13, 1959.

Rehearing Denied June 10, 1959.

Putman & Putman, San Antonio, for appellants.

Clemens, Knight, Weiss & Spencer, George H. Spencer, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Anna Mae Mozley and Jack Collens Mozley, widow and minor son, respectively of Jack Clar-

ence Mozley, deceased, seeking to recover death benefits under the Workmen's Compensation Act, Article 8306 et seq., on the life of Jack Clarence Mozley, deceased, hereinafter referred to as Jack Mozley. The employer was Longhorn Portland Cement Company of San Antonio, Texas, and the insurance carrier, American General Insurance Company.

Jack Mozley died on July 2, 1957, allegedly as a result of an injury which he received while employed at Longhorn Portland Cement Company. The widow and son filed a notice of fatal injury and a claim for compensation within due time, as provided by law. In both the notice of fatal injury and claim for compensation, they described the cause of death as being "sudden on the job strain which caused rupture of aortic aneurysm into midesophagus." The date of the injury was given as the 13th day of June, 1957.

The Industrial Accident Board in due time, after proper hearing, refused the claim. The claimants gave notice of appeal, and in due time instituted this suit. In their petition they alleged that on or about the 13th day of June, 1957, "while in the course of his employment for Longhorn Portland Cement Company at San Antonio, Bexar County, Texas, Jack Clarence Mozley, husband of Anna Mae Mozley, sustained an accidental injury which said injury resulted in his death on or about July 2, 1957." This suit was filed on February 12, 1958. Thereafter, on March 4, 1958, the American General Insurance Company filed its answer and excepted to plaintiffs' petition in the following language:

"1. Defendant specially excepts to the allegation in Paragraph V of Plaintiffs' original petition that Jack Clarence Mozley sustained an accidental injury on or about June 13, 1957, because such allegation is a conclusion which completely fails to inform defendant of the place, manner and nature of the alleged accidental injury, so that defendant is unable to prepare its defense to plaintiffs' suit."

In response to this special exception, the plaintiffs filed a trial amendment alleging, among other things, the following:

"Plaintiffs would show that while such policy was in full force and effect and on or about June 11, 1957, while in the course of his employment for Longhorn Portland Cement Company at San Antonio, Bexar County, Texas, Jack Clarence Mozley, husband of Anna Mae Mozley, sustained a scratch to his right ear; that following such scratch the eggs of a fly were laid in the ear; subsequently the eggs hatched into maggots and that the maggots ate upon the tissue of his body producing a strain upon the nervous and circulatory systems of his body; that as a result of such strain and consequent anxiety and worry over his condition the strain caused his blood pressure to raise; that prior to the incurrence of the afore-described strain the aorta of his body was affected with the condition of aneurysm and that the aforesaid strain in itself and together with the results of the hereinafter described strain was a producing cause of the rupture of the aorta aneurysm and his death on July 2, 1957. That following the maggot infestation as aforesaid with the subsequent strain upon his circulatory system Jack Mozley was unable to eat or sleep normally, losing vitality and strength."

Thereafter defendant filed its plea in abatement and first amended original answer alleging, among other things, as follows:

"1. As shown by certified copies attached hereto, on December 5, 1957, the plaintiffs herein, through their attorney, filed with the Texas Industrial Accident Board in its cause No. R–62,216, a notice of fatal injury wherein it was alleged that on June 13, 1957, Jack

C. Mozley sustained a fatal injury at the plant of his employer, Longhorn Portland Cement Company, and that 'the cause of death was sudden on the job strain which caused rupture of the aortic aneurism into midesophagus.'

"2. Based upon such claim, the Industrial Accident Board rendered the following award:

" 'That said Mrs. Anna Mae Mozley, Jack Collens Mozley, Virginia Ann Oberman and their attorneys have failed to establish by proof that Jack Clarence Mozley, deceased, suffered accidental injury or occupational disease in the course of his employment for subscribing employer resulting in his death herein as alleged, but, on the contrary, it has been made to appear that his death was due to natural causes. Therefore, said claims are denied.'

"3. The subject matter of Paragraph V. of plaintiffs' trial amendment and particularly the alleged accidental injuries described therein were never presented to the Industrial Accident Board and were never considered or passed upon by said Board. Accordingly, this court has no jurisdiction over plaintiffs' claim arising out of the alleged accidental injury of June 11, 1957, and this court has no jurisdiction over plaintiffs' claim arising out of the alleged accidental injury of June 30, 1957."

Attached to the plea in abatement were the proceedings had before the Industrial Accident Board.

On November 18, 1958, the trial court entered judgment sustaining the plea in abatement and dismissing the cause, from which action Anna Mae Mozley and Jack Collens Mozley have prosecuted this appeal.

The question here presented is whether or not the injury described in the trial amendment is the same injury described in the notice and claim. It is quite clear that the injury described in the petition is a different injury from the one described in the notice and claim.

Section 4a of Article 8307, Vernon's Ann. Civ.Stats., provides as follows:

"Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease, and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of the injury or of the first distinct manifestation of an occupational disease; or, in case of death of the employee or in the event of his physical or mental incapacity, within six (6) months after death or the removal of such physical or mental incapacity. For good cause the Board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the Board. Acts 1917, p. 269; Acts 1947, 50th Leg., p. 180, ch. 113, § 10."

■ It is well settled that unless the employer is given notice of the injury and the claim is acted upon by the Industrial Accident Board, the courts have no jurisdiction to hear and determine a suit for compensation based on such injury. Heard v. Texas Compensation Ins. Co., 5 Cir., 87 F.2d 30; Cordova v. Associated Emp. Lloyds, Tex.Civ.App., 250 S.W.2d 945; Anchor Cas. Co. v. Wolff, 5 Cir., 181 F.2d 741; Hartford Accident & Ind. Ins. Co. v. Choate, 126 Tex. 368, 89 S.W.2d 205; Stratton v. Gulf Casualty Co., Tex.Civ. App., 53 S.W.2d 518.

■ The law is also well settled that a claimant cannot file for compensation for

one injury and sue and recover judgment for a different injury. Texas Emp. Ins. Ass'n v. Patterson, Tex.Civ.App., 231 S.W.2d 898; Texas Emp. Ins. Ass'n v. Grimes, Tex.Civ.App., 186 S.W.2d 280; Traders & Gen. Ins. Co. v. Huntsman, Tex.Civ.App., 125 S.W.2d 431; Stratton v. Gulf Cas. Co., Tex.Civ.App., 53 S.W.2d 518; Texas Emp. Ins. Ass'n v. Adcock, Tex.Civ.App., 52 S.W.2d 781, affirmed 125 Tex. 484, 83 S.W.2d 310; Commercial Standard Ins. Co. v. Lowrie, Tex.Civ.App., 49 S.W.2d 933; Texas Emp. Ass'n v. Jimenez, Tex.Civ. App., 267 S.W. 752.

■ The injury as described in the notice and claim is as follows: "Sudden on the job strain which caused rupture of aortic aneurysm into midesophagus," which occurred on June 13, 1957, while the injury as described in the trial amendment is as follows:

"Sustained a scratch to his right ear; that following such scratch the eggs of a fly were laid in the ear; subsequently the eggs hatched into maggots and that the maggots ate upon the tissue of his body producing a strain upon the nervous and circulatory systems of his body; that as a result of such strain and consequent anxiety and worry over his condition the strain caused his blood pressure to raise; that prior to the incurrence of the aforedescribed strain the aorta of his body was affected with the condition of aneurysm and that the aforesaid strain in itself and together with the results of the hereinafter described strain was a producing cause of the rupture of the aorta aneurysm and his death on July 2, 1957."

We are unable to say that the injury described in the notice and claim for death benefits is the same injury described in the trial amendment. The law governing this situation is well stated in Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322, 324, Texas Commission of Appeals, opinion adopted by the Supreme

Court. Judge Smedley, speaking for the Commission, said:

"The rule as to suits filed by an injured employee is that the amount of the claim before the Industrial Accident Board is immaterial upon the issue of jurisdiction of the court selected to review the award, the only essential jurisdictional connection between the claim for compensation before the board and the suit to set aside the award being the identity of the injury of which complaint is made."

The injury set out in the trial amendment is one that has never been presented to and acted upon by the Industrial Accident Board, and until a claim based upon an accidental injury has been presented to the Industrial Accident Board and acted upon by it, the courts have no jurisdiction to hear and determine a suit based upon such injury.

It is true that the claim here is for the death of Jack Clarence Mozley, but the alleged injury which caused his death, given in the claim and notice, is an entirely different injury from the one described in the trial amendment. Therefore, the court did not err in sustaining the plea in abatement. Stratton v. Gulf Cas. Co., supra.

■ This fatal variance in the claim presented to the Board and the one stated in the trial amendment should have been presented by special exception to the pleadings, rather than by a plea to the jurisdiction, inasmuch as the matter arose from the pleadings. In Jud v. City of San Antonio, Tex.Com.App., 143 Tex. 303, 184 S.W.2d 821, 822, opinion adopted by the Supreme Court, Commissioner Hickman said:

"By Texas Rule of Civil Procedure, No. 90, it is provided that a general demurrer shall not be used. To dismiss a plaintiff's case upon sustaining a plea to the jurisdiction on the ground that his petition is insufficient to state a cause of action when he is praying for

judgment for an amount within the jurisdiction of the Court, is even a more summary proceeding than to sustain a general demurrer. This is true for the reason that, upon sustaining a demurrer the Court does not dismiss the case until the plaintiff has been afforded an opportunity to amend, whereas, upon sustaining such plea the plaintiff is not afforded that opportunity."

However, appellants have not raised this question by point of error, apparently preferring to stand squarely upon the contention that the two injuries are one and the same.

The judgment of the trial court dismissing the suit is affirmed.

On Motion for Rehearing.

Rehearing denied.

POPE, Justice (dissenting in part).

In my opinion, the trial court properly sustained the plea in abatement. The court ruled by dismissal of the action. Stricken from the judgment were the words, "and plaintiffs having declined to amend further." Plaintiffs did not decline to amend. They had no opportunity to amend. The judgment upon the pleadings should not have been rendered without at least an opportunity to amend. The pleadings do not affirmatively prove that amendment is impossible.

The majority holds that the point does not include the proposition that the trial court erred in dismissing without a chance to amend. The point is:

"The trial court erred in entering judgment dismissing this suit because the pleadings of Appellants were suffcient to state a cause of action and such pleadings did not allege a new and different claim from that made to the Industrial Accident Board."

Appellants' brief shows that they objected to the dismissal and argued that the court should only have stricken that part to which it sustained the plea. They argue that the whole cause should not have been dismissed. They cite Jud v. City of San Antonio, Tex.Com.App., 143 Tex. 303, 184 S.W.2d 821, on the precise point that the court should not dismiss without an opportunity to amend. The construction of the point, without regard to the argument in the brief, is too narrow. Sears, Roebuck & Co. v. Hollingsworth, 156 Tex. 176, 293 S.W.2d 639; Gleason v. Davis, 155 Tex. 467, 289 S.W.2d 228; Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286. The result of this decision is not only to defeat the claim which was not presented to the Industrial Accident Board, but also the claim that was presented.

I would remand the case to afford plaintiffs an opportunity to amend to meet the trial court's ruling.