**Merle G. HUFF, Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Appellee.**

**No. 16657.**

Court of Civil Appeals of Texas,

Fort Worth.

Sept. 24, 1965.

Rehearing Denied Oct. 29, 1965.

Lowell E. Dushman, Fort Worth, for appellant.

Stone, Parker, Snakard, Friedman & Brown, and Lawton G. Gambill, Fort Worth, for appellee.

LANGDON, Justice.

This is a workmen's compensation case.

On February 17, 1962, appellant executed a notice of injury and claim for compensation and thereafter filed it with the Industrial Accident Board, hereinafter referred to as the Board. He asserted that he had been injured on January 5, 1962 and described the accident and his injury as follows: "I was lifting some heavy boxes and got a right hernia." On May 3, 1962, the Board entered its final award. Appellant gave timely notice of appeal and instituted this suit on May 15, 1962. In his original petition he described his injury as "a hernia and other internal injuries." On November

10, 1964, he filed his first supplemental petition. Therein for the first time he asserted that as a result of the alleged accident he sustained not only a right inguinal hernia but also injuries which he described as follows: " * * * an injury consisting of the stretching, weakening and tearing of the flesh, muscles and ligaments of the groin and a cervical and upper dorsal muscle strain injury. * * *" These last two alleged injuries will hereinafter be referred to respectively as the left groin injury and neck strain. Appellee excepted to the assertion of the groin injury and neck strain on the ground that the court lacked jurisdiction since neither of said injuries had ever been presented to and acted upon by the Board. The court sustained the exceptions and ordered the allegations pertaining to such injuries stricken. On November 16, 1964, the case was tried to a jury on appellant's claim for right inguinal hernia. Based upon the jury's verdict that appellant had not sustained a hernia on January 5, 1962, and that his hernia had existed in some degree prior to that date, the court rendered and signed a judgment in favor of appellee on November 19, 1964.

We affirm.

Appellant's points of error one through six complain of the court's action in sustaining the exceptions to the assertion of groin and neck strain injuries and refusing to permit the jury to hear testimony relating thereto. The seventh point attacks the court's action in rendering judgment on jury findings because same were in irreconcilable conflict. The eighth point contends the court erred in sustaining exceptions to the introduction of a medical record, and points nine and ten urge error for the court's failure to grant a new trial because the jury's answers to special issues Nos. 2 and 5 are so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust.

Appellant testified: he first noticed pain in his back and shoulders during the afternoon of the day the alleged accident occurred and that he was still having trouble with his neck and shoulders. Thus, he knew at the time he described his injury in the Notice of Injury and Claim for Compensation that he not only had a hernia but also pain in his back and shoulders. He chose not to mention the back and shoulder complaint and claimed compensation only for the hernia. Appellant's oral deposition was taken on September 21, 1962, sometime after he had seen Dr. Gerald King, complaining among other things, of pain in his arms, shoulders and spine. In the deposition taken some 4 months after he instituted suit the appellant testified, under oath, that a hernia was the only injury which he had received in the alleged accident and that he had seen Dr. Billy N. Gray (his family physician for ten years) on several occasions for "colds" and a "little sore throat" and other "minor things" since the accident. There was no testimony that he had been treated by Dr. Gray for any complaint to his arms, shoulders, neck or back since the accident. The appellant's reply to interrogatories on October 23, 1964, reflected that he had not since April 13, 1962, complained to or been treated by a physician for any strain or pain in his arms, shoulders, neck or spine although during such period of time he admittedly had been to five different doctors.

Under this record he was not treated for any such condition prior to April 13, 1962.

Appellant now contends that the court should consider the letter written to the Board on April 17, 1962, by attorney John W. Laird and the April 11, 1962, medical report of Dr. Gerald King attached thereto as an amendment enlarging his claim so as to include the alleged neck strain. Admittedly he never filed a claim for the alleged left groin injury. The attorney's letter to the Board did not request appellant's claim be amended to include not only the hernia but also the neck strain, nor did it state that the appellant was then contending that the neck strain was caused by the alleged accident of January 5, 1962, or that appellant sought compensation both for the

hernia and the neck strain. Dr. King in his medical report states that two weeks after the alleged accident appellant was examined by Dr. Gray who found only a rupture. This evidence that appellant's so-called neck injury was not caused by the alleged accident is consistent with his failure to assert such an injury in his compensation claim and with his admission that his only injury was a hernia.

"It is well settled that a claimant in a workmen's compensation case must plead and prove that he has presented a claim before the Industrial Accident Board which has been acted upon by the Board, and the claim asserted in the District Court must be the same as that filed with and acted upon by the Board. Unless all these conditions are met the court does not have jurisdiction. Hartford Accident & Indemnity Co. v. Choate, 126 Tex. 368, 89 S.W.2d 205; Mozley v. American General Ins. Co., Tex.Civ.App., 324 S.W.2d 925; Stratton v. Gulf Casualty Co., Tex.Civ.App., 53 S.W. 2d 518." Solomon v. Massachusetts Bonding and Insurance Co. (San Antonio Civ. App., 1961, refused), 347 S.W.2d 17.

■ Appellant's claim clearly sought compensation for a hernia only. The purpose of the attorney's letter was to furnish the Board with medical evidence to substantiate the hernia claim and to request that the claim be set for hearing. The Board considered appellant's claim to be limited to hernia. It is clear from the order that the Board considered and acted only upon the hernia claim.

We think the court's action in sustaining exceptions to the pleadings was correct. It naturally follows that testimony concerning the alleged injuries which were eliminated from the pleading by such action would be improper.

■ A hernia is a specific injury. Lewis v. American Surety Co., 143 Tex. 286, 184 S.W.2d 137 (1944); Texas Employers Ins. Ass'n v. Shackelford, 139 Tex. 653, 164 S.W.2d 657 (1942); and Texas

Employers' Ins. Ass'n v. Tally, 132 Tex. 547, 125 S.W.2d 544 (1939). If a compensation carrier wrongfully refuses to provide an employee with a hernia operation then the employee may recover compensation as for a general injury. Lewis v. American Surety Company, supra. However, an employee is entitled to a hernia operation only in the event he has actually sustained a hernia for which the compensation carrier is liable. The issue of the existence of a compensable hernia was fully developed on the trial of this case and the necessary result of the facts found by the jury was that appellant did not sustain a compensable hernia on January 5, 1962. Appellee therefore never owed appellant any duty to provide a hernia operation and appellant's hernia remained a specific injury and was not enlarged into a general injury. There is no contention in this case that the alleged hernia extended to and affected other parts of appellant's body.

■ The jury was unable to agree upon an answer to the first issue inquiring as to whether appellant sustained a personal injury while lifting a box on January 5, 1962, or else overlooked it. The issue was not answered. In the absence of an affirmative answer to this issue there was no basis in the jury verdict for recovery. There was no objection to the acceptance of the jury verdict as being incomplete or in conflict. In the absence of timely objection the trial court was not afforded the opportunity before discharging the jury, of calling the matter to its attention and affording the jury an opportunity to answer the issue and to resolve conflicts, if any, in its answers. Only the appellant could have benefitted from a reconsideration by the jury of its verdict. He was required to preserve any error there may have been on the part of the trial court in accepting the jury verdict with the particular issue unanswered. Lewis v. Texas Employers' Ins. Ass'n, 151 Tex. 95, 246 S.W.2d 599 (1952). "This he did not do." The trial court had no alternative under the jury verdict but to render judgment for appellee. The

appellant waived any benefit he might have claimed under the unanswered issue and any right he may have had to have the issue answered. Continental Casualty Company v. Street, Tex., 379 S.W.2d 648 (1964).

In City Transportation Company of Dallas v. Vatsures, 278 S.W.2d 373 (Waco Civ.App., 1955, dism.), it is stated: " * * after the jury returned with its verdict Appellant raised no protest concerning any alleged conflict in the answers to these Special Issues. In acting as it did, Appellant waived any conflict by accepting the jury's verdict as it was and in not directing the Trial Court's attention to the alleged conflict at a time when it could have been corrected."

 Appellant admits that he did not complain of any conflict in the verdict in either his original or amended motion for new trial and that error •based upon such conflict in the verdict was waived unless same constituted fundamental error. Appellant's seventh point of error is directly answered by the opinion of the Supreme Court in St. Paul Fire & Marine Insurance Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744 (1962), wherein it is stated: "St. Paul admits that it did not assign in its motion for new trial any error as to conflict. There was no assignment of error contained in the motion for new trial sufficient to bring this question to the trial court's attention. However, St. Paul contends that if in fact there is a fatal conflict, then such conflict cannot be waived, is fundamental and may be considered by the Court, citing Little Rock Furniture Manufacturing Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985. We cannot agree with this contention. The entry of judgment by a trial court on conflicting findings does not constitute fundamental error." Authorities cited.

The medical record of Dr. Billy N. Gray, which was excluded by the court, was typewritten. It was not signed. The doctor's name was typed. The letter was not offered in compliance with Art. 3737e, Vernon's Ann.Tex.Civ.St. The court's action in sustaining objection to its admissibility was proper. In the event its exclusion was improper the error, if any, was harmless and was not reasonably calculated to cause and did not cause the rendition of an improper judgment. The contents of the letter was cumulative of other testimony in the record.

Based upon our examination of the entire record we have concluded that the answers of the jury to Special Issues Nos. 2 and 5 are not against the overwhelming weight and preponderance of the evidence. To the contrary we find ample evidence in support thereof.

All points of error are overruled and the judgment of the trial court is affirmed.