**TEXAS GENERAL INDEMNITY COMPANY, Appellant,**

v.

**Robert L. WELCH, Appellee.**

No. 5384.

Court of Civil Appeals of Texas, Eastland.

Feb. 14, 1980.

Rehearing Denied March 13, 1980.

David G. Stubbeman, Wagstaff, Harrell, Alvis, Batjer, Stubbeman & Seamster, Abilene, for appellant.

John W. Weeks, Robinson, Hanna, Moore & Holloway, Abilene, for appellee.

RALEIGH BROWN, Justice.

This is a worker's compensation case. Robert L. Welch sought compensation from Texas General Indemnity Company, compensation carrier for West Texas Utilities Company, for an alleged injury sustained in the course of his employment on April 27, 1974. Following a jury verdict, judgment was entered that Welch was totally and permanently disabled beginning September 25, 1975. Texas General appeals. We affirm.

Appellant contends that the trial court erred in overruling its plea to the jurisdiction because Welch's claim before the Industrial Accident Board concerned low back injuries and Welch's original petition alleged an ear injury or hearing loss. We disagree.

Welch's original petition alleged that he "injured his entire body in general but specifically sustained a hearing loss." In his First Amended Original Petition, upon which he went to trial, Welch alleged that he "injured his entire body in general, but specifically injured his back." The Indus-

trial Accident Board had acted upon this claim.

Texas General argues that although suit was timely filed after the award of the Board, it was not a suit on the claim pursued before the Board and because of such variance the district court is without jurisdiction. Supportive of its position, Texas General cites *Solomon v. Massachusetts Bonding and Insurance Company*, 347 S.W.2d 17 (Tex.Civ.App.—San Antonio 1961 writ ref'd), which states:

It is well settled that a claimant in a workmen's compensation case must plead and prove that he has presented a claim before the Industrial Accident Board which has been acted upon by the Board, and the claim asserted in the District Court must be the same as that filed with and acted upon by the Board. Unless all these conditions are met the court does not have jurisdiction. *Hartford Accident & Indemnity Co. v. Choate*, 126 Tex. 368, 89 S.W.2d 205; *Mozley v. American General Ins. Co.*, Tex.Civ.App., 324 S.W.2d 925; *Stratton v. Gulf Casualty Co.*, Tex. Civ.App., 53 S.W.2d 518.

Welch concedes that such statement correctly states the law of this State in regard to the pleading and proving of the same claim presented to the Industrial Accident Board and the trial court. He contends, however, that since his amended pleading properly presented the claim to the trial court appellant's plea to the jurisdiction was properly overruled. We agree.

The court in *Consolidated Underwriters v. Wright*, 408 S.W.2d 140 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.), considering an alleged variance between a claim presented by claimant to board and pleading filed in court for recovery of worker's compensation said:

Furthermore, since appellant's contention is directed principally toward the pleadings or instruments presented to the Board and the pleading filed in court, it is our view that the alleged variance should not have been presented by a plea to the jurisdiction but by special exceptions to

the pleading which would have afforded appellee an opportunity to amend his pleading if defective. In *Mozley v. American General Insurance Company,* Tex.Civ.App., 324 S.W.2d 925, writ ref'd., n.r.e., the court said: "This fatal variance in the claim presented to the Board and the one stated in the trial amendment should have been presented by special exception to the pleadings, rather than by a plea to the jurisdiction, inasmuch as the matter arose from the pleadings."

In the instant cause in both his original petition and his first amended original petition Welch pleaded that he sustained serious, painful and disabling personal injuries on or about April 27, 1974, while in the course of his employment as an employee of West Texas Utilities Company. The alleged variance was corrected by the amended pleading without a special exception to the pleading. As stated by the court in *Insurors Indemnity & Ins. Co. v. Brown,* 172 S.W.2d 174 (Tex.Civ.App.—Beaumont 1943, writ ref'd):

> Any defect, fault or omission, "either of form or substance" could be remedied by amendment. Rules 63, 66, 67. Such amendment related back to the filing of the original petition. *Texas Emp. Ins. Ass'n v. Evans,* 117 Tex. 113, 298 S.W. 516; *Jagoe v. Indemnity Ins. Co.,* 120 Tex. 204, 36 S.W.2d 980.

The trial court did not err in overruling the plea to its jurisdiction.

Texas General urges that the trial court erred in refusing to allow introduction of Welch's original petition or cross-examination of Welch about said petition which referred to a hearing loss and not a back injury.

We agree that the trial judge erred in the exclusion of such evidence. However, as stated by the court in *City of Austin v. Capitol Livestock Auction Co.,* 434 S.W.2d 423 (Tex.Civ.App.—Austin 1968), writ ref'd, 453 S.W.2d 461 (Tex.1970):

> It is settled that an appellate court will not reverse and remand a case because of the exclusion of evidence properly admissible unless it be determined that in all

reasonable probability the jury returned a verdict other than the finding it would have made if it had had the benefit of the excluded testimony. Rule 434, Texas Rules of Civil Procedure; *Maddox v. Gulf, Colorado and Santa Fe Railway Co.,* supra; *Ryder Tank Lines v. Bentley,* 397 S.W.2d 914 (Tex.Civ.App., Fort Worth, writ ref. n.r.e.); *Agricultural and Mechanical College v. Guinn,* 326 S.W.2d 609 (Tex.Civ.App., Austin, no writ).

We conclude from an examination of the entire record that the jury in all reasonable probability would not have returned a verdict other than the one it returned if it had had the benefit of the excluded testimony. Therefore, this alleged error would not amount to reversible error and would not justify the remand of the cause for another trial. Tex.R.Civ.P. 434.

Texas General urges that the trial court erred by not instructing the jury that evidence of prior payments is not an admission of liability.

No error challenging the alleged improper admission of the evidence has been perfected. The evidence of voluntary payments was offered for general purposes. Although Texas General objected to its introduction, it has no point of error attacking the overruling of its objection and the admission of the evidence nor does it argue in its brief that the admission of the evidence was error. Texas General complains only that the trial court erred in refusing to instruct the jury, at the time the evidence was offered, "that it not be admitted for purpose of showing liability as a result of this alleged accident on April 27."

The ultimate purpose of any instruction is to aid the jury in the proper performance of its duty of answering contested fact issues. Although the requested instruction was a correct abstract statement of law, the court in *Hayward Lumber Co. v. Cox,* 104 S.W. 403 (Tex.Civ.App.1907, writ ref'd), in considering a court's failure to give an instruction which was an abstract statement of law said:

> To have given the requested instruction would have been simply to have informed

**208**

the jury of an abstract principle of law without the jury's knowing what bearing or application, if any, it had on the case or to the issues of fact involved. We can therefore not perceive any error in refusing it.

■ No issue was submitted in the instant case inquiring as to whether Texas General was "liable." The requested instruction could not aid the jury in answering any of the submitted issues. Therefore, we hold the court did not err in refusing the instruction. Further, even if such action be error it was harmless. Tex.R.Civ.P. 434.

In its last three points of error Texas General maintains the answers of the jury to the special issues relating to "producing cause," beginning date and ending date of the total disability "were against the great weight and sufficiency of the evidence." We disagree.

■ In disposing of these factually insufficient and against the great weight points, we are required to review and weigh all the evidence in the record. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Joe Bray, M.D. testified as follows:

QUESTION: Doctor Bray, isn't it true and Mr. Welch has stated to you, and your records reveal the fact, that he has indicated to you that he has never really been the same physically since his injury of April 27, 1974?

ANSWER: Yes, sir.

QUESTION: Hasn't Mr. Welch also indicated that he has not been able to work without aggravation of his low back pain since that time?

ANSWER: Yes, sir.

QUESTION: Doctor, it is true, isn't it, that Mr. Welch's back symptoms are a result of a combination of factors or producing causes?

ANSWER: Yes, sir.

QUESTION: Isn't it also true, however, that his injury of April 27, 1974, was one of those producing causes that has resulted in Mr. Welch being in the condition he is today?

ANSWER: It is of itself a relative small portion, but it is one of the injuries he

had and by history he tends to relate it to that particular injury more than others.

QUESTION: Doctor Bray, it is true, isn't it, that Mr. Welch because of his condition is not able to engage in activities doing heavy manual or physical labor?

ANSWER: That's right. A person with this type of defect in the back, spondylolysis, is not—that type of back is not made for heavy work and heavy labor.

Welch testified in part:

Q  Okay. Now, what was the last day that you worked for WTU?

A  I believe it was September 25th of 1975.

Q  All right. And what was your physical condition at that time?

A  Almost a wheel chair patient.

Q  Okay. Were you physically able to keep on going?

A  No, sir.

■ Having reviewed and weighed all the evidence in the record, we overrule appellant's last three points of error.

We have considered and overrule all points of error.

The judgment is affirmed.

DICKENSON, J., not participating.